Pauli Renfrew LEWIS, now Pauli Scharff,
Plaintiff (Appellant),

v.

Robert David LEWIS, II, Defendant
(Respondent).

No. 29641.

St. Louis Court of Appeals.

Missouri.

May 7, 1957.

**862**

Paul Brackman and Brackman, Oetting & Brackman, Clayton, for appellant.

John M. Hadley and Carter, Bull & Baer, St. Louis, for respondent.

MATTHES, Judge.

This is a proceeding on motion of defendant father to modify a divorce decree with respect to the two boys of the parties. Plaintiff, the mother, has appealed from the order which granted defendant partial custody.

Plaintiff was divorced from defendant on February 20, 1953. The decree awarded her the custody of the boys, Robert and James, who are now eight and ten years old, subject to "reasonable rights of visitation", and temporary custody "one summer month each year".

Defendant remarried in April, 1954. Shortly thereafter a voluntary arrangement was entered into between plaintiff and defendant whereby the custody of the boys was given to the defendant every other week from Friday evening until Sunday evening. The present wife of defendant is the mother, by a previous marriage, of two girls nine and twelve years old, and two boys seven and eleven years old. Mr. Matthews, the father of the four children, has them in his custody on alternate weekends. Whether as the result of design or otherwise, the fact is that the boys here involved were in defendant's home during the same week-ends that the Matthews children were there. Defendant and his present wife also have a child who, at the time of the hearing in the trial court on March 2, 1956, was a baby eight months old. Plaintiff became dissatisfied with the custody arrangement. Her objection did not go to defendant's right to partial custody, but rather to the time such right was exercised. In short, she felt that her sons should not be in their father's home when the Matthews children were present. This attitude on the part of plaintiff led to a termination of the plan. This in turn precipitated the filing of the motion to modify on January 3, 1956.

Following a hearing the court sustained the motion "to the extent that he (defendant) be permitted to have the two minor children before the evening meal on every other Friday and to return them before 8:00 p. m. on the Sunday following". While the suggestion is made by plaintiff that the proof does not establish a change of conditions or circumstances since the original decree was entered, the gist of plaintiff's concern carried forward in her original brief is that the welfare and best interests of the boys require that defendant have their custody on the week-ends when his stepchildren are not in the Lewis home. In her reply brief plaintiff advances the theory that the motion to modify is at best a motion to clarify the decree by spelling out the precise times when defendant may visit his children, and by designating the exact summer month that defend-

ant is entitled to custody. Upon this premise it is said that the court was without jurisdiction to modify the decree. It is clear that plaintiff is attempting to challenge the action of the court, not because of lack of jurisdiction of the subject matter, but because the issue adjudicated was outside of and not embraced within the allegations of the motion. Since this assignment is not properly raised in plaintiff's original brief, it presents nothing for review. It is an established rule of appellate procedure in this jurisdiction that a point raised for the first time in the reply brief is not entitled to consideration. Caldwell v. First Nat. Bank of Wellston, Mo.App., 283 S.W.2d 921, loc. cit. 925, and cases there cited. Furthermore, even though the motion was lacking in clarity, the court was within its jurisdiction in adjudicating the custody issue. This is so because the only matter submitted and tried dealt with and related to the welfare of the children and whether their interests would be promoted or adversely affected by granting defendant partial custody. "Once the issue of the welfare of the child has been submitted to the court, that court must of necessity make such orders as are proper to accomplish such welfare, and technical objections in respect to pleadings on a motion to modify should not prevent a decision on the merits. * * * The court may award custody even though no request therefor has been made in a petition." S—— v. G——, Mo.App., 298 S.W. 2d 67, loc. cit. 74. See, also, Clark v. Clark, Mo.App., 300 S.W.2d 851.

The applicable legal principles are well settled. Following the fixing of custody of minor children in the divorce decree there can be no change made with respect to the custody except upon a showing of changed conditions since the entry of the decree. Perr v. Perr, Mo.App., 205 S.W.2d 909, loc. cit. 911; Baer v. Baer, Mo.App., 51 S.W.2d 873; S—— v. G——, supra, 298 S.W.2d loc. cit. 75. The welfare of the children is without exception the basic and underlying consideration to which

the parents' own wishes and personal desires must yield if opposed to such welfare. Perr v. Perr, supra; S—— v. G——, supra; Schumm v. Schumm, Mo.App., 223 S.W.2d 122, loc. cit. 125. Where the father and mother are proper persons, both are not only entitled to reasonable access to their children, but the best interests of the children will in fact be served by an arrangement whereby they may associate with both parents. Schumm v. Schumm, supra; Perr v. Perr, supra; Baer v. Baer, supra. "'The pleasure and benefit of friendly association with both parents should be accorded to a child'. Lambert v. Lambert, Mo.App., 222 S.W.2d 544, loc. cit. 548." Fago v. Fago, Mo.App., 250 S.W.2d 837, loc. cit. 842. It is, of course, true as suggested by plaintiff that while proof of a change in conditions is a prerequisite to a modification of the decree, such proof does not necessarily require modification. It is when the welfare of the child requires a change in the custodial provisions that the decree should be modified. Schumm v. Schumm, supra, 223 S.W.2d loc. cit. 126.

An analysis of the record has convinced us that the essential elements were established and a modification of the decree is required. At the outset it should be emphasized that there is not the slightest intimation by plaintiff in her testimony that the defendant or his present wife are unfit and improper persons to be entrusted with the care and responsibility of Robert and James.

It can hardly be denied that the boys, having reached the ages of eight and ten years, stand in a position where they need the guidance, supervision, and love and affection of their father as well as their mother. That plaintiff is conscious of this fact is conclusively and convincingly demonstrated by the statements which appear in her brief. There we find these admissions:

"Plaintiff-appellant at no time throughout this proceeding sought or now seeks to deny temporary custody

or visitation privileges to the defendant-respondent. In fact her only real complaint is that certain specific week-ends are improper ones for defendant-respondent to be granted temporary custody."

"Obviously, the best interests of these children will best be served by spending as much time as possible with both parents."

"Plaintiff-appellant is in the unique position of suggesting to the Court that she realizes that her ex-husband is entitled to and should have temporary custody of her children."

It thus is apparent that the real issue for determination is whether the welfare and best interests of Robert and James require that defendant should have them in his custody on week-ends when the Matthews children are in the Lewis home. Although plaintiff insists that the effect of the modification order is to grant defendant custody on the same alternate week-ends when his stepchildren are in his home, the record, as presented to this court, does not sustain this contention. The order appealed from is lacking in clarity in that it omits and fails to designate the periods that defendant shall have partial custody. In this connection we reiterate what was said by this court in Schumm v. Schumm, supra, 223 S.W.2d loc. cit. 125, 126:

"* * * once the court decides how custody shall go and what the visitation privileges shall be, it should write such positive directions into its decree that if either parent refuses to obey them, such parent may be held in contempt of court."

However, inasmuch as all parties concerned construe the modification order as producing the situation contended for by plaintiff, we shall likewise so treat and consider the order and dispose of the point raised by plaintiff.

Bearing on the question, the record discloses that defendant resides at No. 8 Briarcliff, St. Louis County, Missouri. There are five bedrooms in the house. One of the rooms is set apart for a maid who usually is not in the household from Saturday night until the Tuesday morning following. When Robert and James were in the Lewis home under the voluntary plan worked out by the parties, they were provided with facilities which enabled them to sleep together. A roll-away bed was used on occasions, but always by one of Mrs. Lewis' children. With respect to the physical set-up, Mrs. Lewis stated the presence of Robert and James did not bring about an overcrowded condition or produce any trouble. From the undisputed testimony it can be said that the two sets of children played and otherwise associated together harmoniously and without conflict. On Sundays the children arose around 8:30 o'clock, were bathed, and following a "late breakfast", they attended Sunday School. There was no disagreement with respect to the religious training afforded the Lewis boys when they were with their father, in fact the record shows that plaintiff and defendant attended the same church.

Plaintiff's chief complaint in the trial on the motion was that the boys were tired, worn out, and hungry on their return from the Lewis home. Bearing on this phase of the situation, it was shown that although only two meals, a late breakfast, and one in the evening, were served on Sundays, the Lewis boys nevertheless were furnished food between meals when they became hungry. Plaintiff is also concerned because her sons did not receive their father's undivided attention when they were in his home. She insisted that with the Matthews children being present, defendant was placed in the position of sharing his time between them and his sons.

Although we entertain no doubt that plaintiff's objections to the modification order are motivated by a sincere, genuine, and parental interest in the welfare of the children, we cannot escape the conclusion that her fears are more imaginary than

real. At least we find nothing in the proof to sustain the charge that Robert and James will be subjected to a detrimental influence if they associate with the Matthews children in alternate week-ends every month. There is no pretense that the latter produce an undesirable environment for the two boys here involved.

We attach no particular significance to the charge that the boys were tired and hungry on their return to their mother's home. This condition demonstrates that they are normal, healthy, growing boys. It is wholly insufficient to justify a finding that they were neglected by defendant or Mrs. Lewis.

The charge is made in plaintiff's brief that selfishness has motivated the defendant in seeking the custody of his sons on the same alternate week-ends that the Matthews children are in defendant's home. More precisely, it is said that Mr. and Mrs. Lewis' social activities will be curtailed if all of their week-ends are burdened with the responsibility of caring for children. We find no merit in this contention. The fact of the matter is that defendant testified unequivocally that he desired the custody of his sons every week-end. Furthermore, while it is clear that defendant and his wife engaged in social affairs, the proof is far from convincing that they have social commitments which will result in defendant neglecting Robert and James.

We are required to and have reviewed the whole record with a primary regard for the principle that the welfare of the two boys is the paramount and controlling factor. In determining whether defendant, as the moving party, has carried his burden of showing by a preponderance of credible evidence changed facts and circumstances requiring modification of the custodial provisions of the original decree, we must defer to, and not lightly disturb, the judgment of the trial court. Fordyce v. Fordyce, Mo.App., 242 S.W.2d 307; Fago v. Fago, supra; Dagley v. Dagley, Mo. App., 270 S.W.2d 553. We are of the opinion that the judgment is not in conflict with a clear preponderance of the evidence, and it does not disclose a manifest abuse of judicial discretion. The judgment should be and is affirmed.

RUDDY, P. J., and ANDERSON, J., concur.