**Daniel Joseph CISSELL, Respondent,**

v.

**Gloria Kennedean CISSELL, Appellant.**

**No. 39442.**

Missouri Court of Appeals,
St. Louis District,
Division Two.

Oct. 3, 1978.

Motion for Rehearing and/or Transfer Denied Nov. 15, 1978.

Wayne L. Millsap, Pamela S. Wright, Clayton, for appellant.

Morris W. Taylor, Clayton, for respondent.

CLEMENS, Judge.

Appellant-wife (hereafter "defendant") contests the provisions of a dissolution of marriage decree concerning child custody, maintenance and attorney fees.

First, the custody issue whereby defendant contends the plaintiff's temporary custody impinges on her right to give the children religious training.

The court awarded plaintiff-husband temporary custody of the parties' eight- and five-year-old children three weekends a month from Saturday morning to Sunday evening, four continuous weeks during the summer, on the children's birthdays, every Christmas Eve and on alternate national legal holidays.

Plaintiff is a Catholic and by agreement the two children were baptized in that

faith. Two years before separation defendant joined and has become active in the Jehovah Witness faith. She contends the temporary custody provisions prevent her from determining the children's religious training. She testified she and the children do "door-to-door religious work" twice a week and on Saturdays, for an hour or two; attend two-hour midweek evening church meetings and attend church Sunday mornings and have a one-hour book study session Monday evenings in the home.

Defendant-mother asks us to alter the temporary custody provision, contending the trial court erred in granting plaintiff the described temporary custody because it impinges on her right under § 452.405 providing that "the custodian may determine the child's upbringing, including his . . religious training."

Plaintiff-father does not challenge the defendant-mother's right to give the children religious training, but he counters by relying on the further provision of that statute declaring the court may consider whether by "a specific limitation of the custodian's authority the child's . . . emotional development [would be] impaired." He contends the children's emotional development would be impaired without his shared custody. Plaintiff further relies on § 452.400, VAMS, granting him reasonable visitation rights, to be restricted only if that endangers the children's emotional development; and he also relies on § 452.375, VAMS, declaring the trial court shall consider the wishes of both parents and their interrelationship with the children.

■ Defendant-mother has the burden of showing the children's best interests are not served by the father's decreed temporary custody. The decree will not be disturbed unless clearly erroneous and the children's welfare requires some other disposition; the contending parties' personal rights are of secondary importance. *Northrup v. Sieve,* 517 S.W.2d 470[1–5] (Mo. App.1974).

■ Considering the cited statutes together we find them consistent with pre-existing case law. Courts encourage the continued interests, love and affection of divorced parents for their children and strive to afford maturing children ample opportunity for close contact with both parents, (*Northrup,* supra, [8, 9]), and hold that where both parties are proper parents, as here, each has the right to reasonable access to the children. *In re Marriage of Powers,* 527 S.W.2d 949[3–5] (Mo.App.1975). In *Rogers v. Rogers,* 430 S.W.2d 305[8] (Mo. App.1968), the court held it was error to omit making provisions for visitation by a parent who was not shown to be an unfit custodian.

■ Although the defendant-mother does not contend plaintiff-father has no right of access or visitation, she is asking this court to alter the temporary custody provisions, which the trial court believed to be in the children's best interests. She claims her right to determine the children's religious upbringing is superior to the father's temporary custody rights. We hold neither right is superior to the other; both are important to the children's welfare. Our review is determined by this principle and we are convinced that since the mother has admitted the father loved the children, was a good father and was loved by the children, and where nothing indicates the husband would be an unfit custodian, the trial court properly made a specific provision for temporary custody by the father. Compare *Rogers,* supra. In short we find the trial court did not abuse its discretion in granting the challenged temporary custody.

■ The court granted defendant $300 a month for child-support but she contends the failure also to grant her maintenance is against the weight of the evidence and in violation of § 452.335, RSMo. Under that statute the court must determine the wife's reasonable needs, that she has insufficient property to meet those needs and that she is unable to support herself through appropriate employment. *Brueggemann v. Brueggemann,* 551 S.W.2d 853[6] (Mo.App. en banc 1971). Defendant showed her reason-

able needs were in the range of $190 a month. She receives a monthly $200 social security payment and $40.00 a month from her share of the marital property. She therefore has sufficient funds to meet her existing needs.

Defendant and the children live with her parents and she uses her father's car. She is unemployed but young and in good physical and mental condition. From the date of separation to the date of trial, about ten months, she made no effort to obtain employment. At trial she indicated she does not desire to do so since that would limit her time with the children and with her religious activities. This does not establish an inability to support herself through appropriate employment. Pursuant to the scope of our review under *Murphy v. Carron*, 536 S.W.2d 30[1–3] (Mo. banc 1976), we find nothing in the record demonstrating an abuse of discretion in the court's denial of maintenance.

Defendant's final point is that the disparity of the parties' financial resources requires an award of attorneys' fees greater than the $1400 allowed because her attorney charged her $2950. The test under § 452.355, RSMo., is whether an attorney fee is unreasonable. *In re Marriage of Powers*, 527 S.W.2d 949[19] (Mo.App.1975). In *Beckman v. Beckman*, 545 S.W.2d 300[9] (Mo.App.1976) we held: "courts are themselves experts on the question of attorney's fees and the judge who personally tries a case and is acquainted with all the issues involved is in a position to fix the amount of attorneys' fees (even) without the aid of evidence." Here, the trial court within its discretion determined $1400 was a reasonable fee for services rendered defendant. We find no abuse of discretion.

Decree affirmed and cause remanded to the trial court to rule on defendant's motion for attorney fees relevant to her appeal.

REINHARD, P. J., and GUNN, J., concur.