Sandra L. HENDERSON, Appellant,

v.

Richard P. HENDERSON, Respondent.

No. 43384.

Missouri Court of Appeals,
Eastern District,
Division Three.

July 7, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 21, 1981.

Elaine C. Bachman, W. W. Sleater, Clayton, for appellant.

Chester A. Love, Daniel P. Card, Clayton, for respondent.

CRIST, Presiding Judge.

Motion by respondent (hereinafter "father") to modify a dissolution decree so as to transfer custody of two minor children to father. Appellant (hereinafter "mother") filed a cross-motion to modify the same decree so as to increase the child support payments and to divide father's vested pension plan which was not included in the original decree of dissolution. The trial court found for father on his motion to transfer custody of the children, and against mother on her motion for increase child support payments and reconsideration of the division of marital property. We reverse in part and affirm in part.

On March 23, 1976, the parties marriage was dissolved. Mother was awarded primary custody of their daughter, born March 14, 1969, and of their son, born March 13, 1973, and child support in the sum of $90.00 per month per child.

Modification of the custody provisions of the dissolution decree was governed by § 452.410, RSMo. 1978, which provides in pertinent part:

The court shall not modify a prior custody decree unless ... it finds, upon the basis of facts that have arisen since the

prior decree ..., that a change has occurred in the circumstances of the *child or his custodian* and that the modification is necessary to serve the best interest of the child. (Emphasis added.)

In order to modify a custody decree, therefore, the court must find that:

(1) facts arising since the prior decree have given rise to change in circumstances of the child, or his custodian, and

(2) modification is necessary to serve best interest of the child.

*Cook v. Lodes*, 560 S.W.2d 64, 67 (Mo.App. 1977). The party seeking to modify a custody decree bears burden of proving facts establishing that the modification is necessary. *Christianson v. Christianson*, 592 S.W.2d 505, 507 (Mo.App. 1979). The presumptions are with the trial court's order, which should not be lightly disturbed. *Durbin v. Durbin*, 573 S.W.2d 146, 149 (Mo.App. 1978). The facts most favorable to the sustention of the trial court's change of custody order are hereinafter set out.

Since September of 1977, mother was employed by Deluxe Check Printers working five (5) days a week, Sunday through Thursday, from about 10:30 p.m. to 7:00 a.m. From the fall of 1977 to sometime in the spring of 1978, the children, at mother's request, had been staying with the paternal grandparents overnight while mother was working. After father filed his motion to modify, mother took the children to the home of a babysitter. From June of 1979, mother's father and grandmother took care of the children at the grandmother's home while mother was working. All of the homes are close to one another and to father's present residence. During this period, but for changes brought by the end of the school year, the children's daily routine remained relatively unchanged. There was, however, conflicting testimony by the parties as to how much time the children had been allowed to spend with father, his present wife and the paternal grandparents since the filing of father's motion.

There was also conflicting testimony on the question of the children's religious education and church attendance. Until father filed his motion to modify, the primary responsibility for the children's religious upbringing had been in the hands of father and, at times, his parents. Father's second wife expressed concern that, since father's visiting hours had been reduced to Sunday afternoons, the children's church attendance had been affected. Concerns were voiced by father that the life style of the children at the time of the hearing was unstable. In support of this opinion, father pointed to son's academic difficulties and the lack of regularity in the children's religious and outside activities. The children's elementary school principal testified that son had been retained in kindergarten due to lack of basic skills and that daughter was a good school citizen.

Father challenged the adequacy of the care given the children by mother while she was in the home, since mother could sleep only during the day. Second wife related several occasions when the children had come to visit suffering from medical problems and, at times, had even been improperly clothed and unwashed.

Father testified that he was now in a position to provide a normal home environment for the children. Since the divorce from mother, father had remarried and purchased a home near his parents and in the children's school district and parish. Father believed a transfer of custody to be in the best interest of his children. He also testified that, although his income had doubled since the entry of the original decree, he was temporarily unemployed.

Father's second wife expressed her willingness to quit working outside the home to enable her to care for the children on a twenty-four hour per day basis. The evidence established second wife to be a good homemaker and housekeeper who got along well with the children and was fit to care for them.

The evidence presented at the hearing on father's motion to modify was not sufficient to support a modification transferring custody. Section 452.410,

RSMo. 1978. Father's plan for the religious education of the children was not a proper basis for modification. See, *Christianson v. Christianson*, 592 S.W.2d 505, 507 (Mo.App. 1979); *Eastes v. Eastes*, 590 S.W.2d 405, 408 (Mo.App. 1979). To warrant a change of custody a significant change in circumstances directly affecting the welfare of the children must be shown. *Schmidt v. Schmidt*, 591 S.W.2d 260, 262 (Mo.App. 1979). These changes must be in the circumstances of the children or the custodial parent, not the non-custodial parent. Section 452.410, RSMo. 1978; *Eastes v. Eastes, supra* at 408. Father's remarriage and acquisition of a home are not evidence of such changed circumstances. This evidence was pertinent only to show that father's home was an acceptable place for the children to live. *Eastes v. Eastes, supra* at 408. There was, however, value in the children remaining in mother's home rather than "uprooting [them] and transplanting [them] in a new home." *Schmidt v. Schmidt, supra* at 262.

Father did not meet his burden to prove facts warranting modification of the custody provisions of the original decree. *Christianson v. Christianson, supra* at 507. There was no substantial evidence that mother was an unfit custodian nor that the arrangements made for the children while she worked at night were unsatisfactory. Mother's election to work at night, thereby earning fifteen (15) percent more income, was not a sufficient change to rebut the presumption that mother, as custodial parent, remained suitable. *Eastes v. Eastes, supra* at 408.

■ We find no abuse of discretion in the trial court's refusal to sustain mother's motion for increased child support payments. The evidence presented did not show "changed circumstances so substantial and continuing as to make the terms unreasonable." Section 452.370, RSMo. 1978.

■ The trial court did not err in refusing to hear testimony on the issue of the vested pension benefit. Although mother alleged that these benefits had accrued to father at the time of the original decree of dissolution, the issue of undistributed marital property was not properly the subject of a motion to modify. *State ex rel. McClintock v. Black*, 608 S.W.2d 405, 406 (Mo.banc 1981).

That part of the trial court's order transferring custody of the children to father is reversed. The judgment in all other respects is affirmed.

SNYDER and SIMON, JJ., concur.