In re the Marriage of Miriam Judith WOLFF, Appellant,

v.

Harvey WOLFF, Respondent.

No. 42885.

Missouri Court of Appeals, Eastern District, Division Two.

Jan. 26, 1982.

Jerry A. Klein, Clayton, for appellant.

Irl B. Baris, St. Louis, for respondent.

DOWD, Presiding Judge.

Modification of a dissolution decree.

The marriage of the parties was dissolved in 1974. Mother was awarded custody of their minor son with the right to remove him from the State of Missouri. Father was granted temporary custody of the son and was ordered to pay $125.00 per month for child support and $475.00 per month for maintenance.

Respondent-father filed a motion to modify the decree by terminating the maintenance and permitting the minor son to travel unattended by airplane between the minor son's home in Florida and respondent's home in St. Louis County.[1] Approximately thirteen months later, appellant-mother filed a motion to increase the child's support.

The court terminated the maintenance, denied the mother's motion to increase child support and permitted the minor son to travel by airplane from Florida to St. Louis County and return.[2]

Mother contends on this appeal: (1) that the record lacked evidentiary support to justify termination of maintenance; (2) that the record justified an increase in child's support; and (3) that the court erred in permitting the minor son to fly from Florida to St. Louis County.

Modification of a decree of dissolution is justified only upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable. Section 452.370 RSMo. 1975 Supp.; *In Re Marriage of Hagnauer*, 610 S.W.2d 672 (Mo.App.1980). This is the standard we apply to the facts here.

In brief, the facts are that the mother was unemployed at the time of the dissolution. At the time of the modification hearing, she was gainfully employed as a school teacher in Florida earning $865.66 a month. The father at the time of the dissolution was earning $24,000 per year from a steel supply company which he owned with his former brother-in-law. He is presently unemployed having sold his stock in the company for $157,862. He receives $1,623.81 monthly from the sale of the stock. He received social security income for two children of a former marriage. There was a record made of the total income and expenses for each of the parties including the expenses for the minor son.

The record also showed that there were adequate airline facilities between Florida and St. Louis County which do not require a change of plane and that airline personnel would be available to supervise the minor son while in flight.

We have read the transcript, the briefs and the authorities cited therein and

---

1. The minor son is now over nine years old.

2. At the time of the entry of the decree of dissolution, the court filed a memorandum which stated in part as follows:

   "After the minor child begins regular school attendance, other than pre-school, petitioner will be expected to get a job. This certainly is not intended to preclude her from so doing now or at any other time. If petitioner obtains a job or has substantial earnings, a motion to modify will be in order both as to child support and maintenance by either or both parties. It is upon this expectation that we are awarding alimony in periodic installments, and we are not prejudging any later-filed motion to modify. Petitioner should advise respondent immediately when she obtains job or begins to receive substantial earnings."

   The trial court refused to take judicial notice of this memorandum. The trial judge and the judge who approved the original decree and memorandum were not the same.

have concluded that the decree of the trial court is supported by substantial evidence and is not against the weight of the evidence. We further conclude that the decree does not erroneously declare the law or apply the law. *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976).

We further determine that an opinion would have no precedential value and that the judgment should be affirmed in accordance with Rule 84.16(b).

The judgment is affirmed.

Respondent's motion to strike portions of the legal file is denied.

GUNN and SIMON, JJ., concur.