**Rodney B. ROBINSON, Appellant,**

v.

**Mollie Marie ROBINSON, Respondent.**

No. 46229.

Missouri Court of Appeals,
Eastern District,
Division Three.

July 26, 1983.

Collier & Dorsey, Elbert Dorsey, St. Louis, for appellant.

Aubuchon, Aubuchon & Raniere, Daniel A. Raniere, St. Louis, for respondent.

CRIST, Judge.

Father appeals from the trial court's denial of his motion to modify a prior modification order. We affirm.

Marriage of the parties was dissolved on March 28, 1978. Mother was awarded custody of their child, a son, born March 28, 1977. On April 29, 1981, the dissolution decree was modified so that father would have custody of son from that date to June 1, 1982, with custody of son to revert to mother on June 1, 1982. On May 13, 1982, father filed another motion to modify. He requested custody of son to continue to him after June 1, 1982. The trial court found father had failed in his burden of showing changed circumstances and denied his motion.

Father's points relied on are as follows:

### I.

THE TRIAL COURT ERRED BY SUSTAINING THE MOTION TO DISMISS PETITIONER'S MOTION TO MODIFY AT THE CONCLUSION OF PETITIONER'S EVIDENCE.

### II.

THE TRIAL COURT ERRED IN NOT GRANTING THE MOTION TO MODIFY.

Neither point relied on is sufficient to preserve anything for review. Rule 84.-04(d); *Thummel v. King*, 570 S.W.2d 679, 684 (Mo. banc 1978).

Father's statement of facts is void of facts sufficient to show father was entitled to have his motion to modify sustained by the trial court. Rule 84.04(c). The argument portion of his brief has few relevant facts, has no page references to the transcript, consists primarily of abstract statements of law and does not show why the trial court erred. Rule 84.04(d), (e) & (h).

Even if father's brief had complied with Rule 84.04, he did not prove any significant change in circumstances requiring modification of the decree. Section 452.410, RSMo 1978; *Henderson v. Henderson*, 622 S.W.2d 7, 8–9 (Mo.App.1981). The judgment was supported by substantial evidence and is not against the weight of the evidence. No error of law appears. An extended opinion would have no precedential value.

Judgment affirmed in accordance with Rule 84.16(b).

CRANDALL, P.J., and REINHARD, J., concur.