Rudy R. BLANKENSHIP, Respondent,

v.

Claudia R. BLANKENSHIP, Appellant.

No. 48873.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 6, 1985.

Motion for Rehearing and/or Transfer
Denied Oct. 17, 1985.

Panos & Dunne, Samuel W. Panos, St. Louis, for appellant.

Barry S. Ginsburg, Clayton, for respondent.

CRIST, Judge.

Father filed a motion to modify the temporary custody provision of a dissolution decree. Mother answered, and filed a cross-motion to modify the child support provision of the decree. The trial court awarded father an additional twenty-four and one-half hours of temporary custody every other weekend. The trial court also removed a restriction on the location of father's temporary custody. The trial court awarded the mother an additional $25 per week child support and attorney fees. Mother appeals the removal of the restriction on the location of father's temporary custody. We affirm.

Pursuant to the original dissolution decree, father had temporary custody of his nine year old daughter every other weekend from 5:00 p.m. Saturday to 6:30 p.m. Sunday. During the summer, father's temporary custody on alternating weekends extended until 5:00 p.m. Monday. The decree required all periods of overnight temporary custody by the father to be at his mother's house.

Father lives in St. Louis, Missouri and his mother lives in Sullivan, Missouri. The parties were divorced on January 19, 1981. Custody of their six year old daughter was granted to mother, and "[v]isitation rights and [t]emporary custody [s]tipulation" provided:

All periods of overnight temporary custody by [father] shall be at the [father's] mother's home. [Father] should be permitted to take said minor child away from the St. Louis area during said two-week period for vacation purposes so long as [father] and said child are accompanied by [father's] mother on said vaca-

tion trip, and the [mother] shall be notified as to where said child will be during said vacation.

■ We must delineate our standard of review. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). The trial court had a right to believe all, part or none of the testimony of any witness. *Frost v. Taylor*, 649 S.W.2d 264, 265 (Mo.App.1983). The action was not to change custody as contemplated by § 452.410, RSMo 1978, but one to remove the limitations relating to the situs of overnight visits. Section 452.-400, RSMo 1983, recently enacted, provides in part:

2. The court may modify an order granting or denying visitation rights whenever modification would serve the best interest of the minor child....

■ Our only concern is whether the trial court could have found the modification served the best interest of her daughter. At the time of the dissolution in 1981, father lived with his mother in Sullivan, Missouri. Mother's parents also lived in Sullivan, Missouri. The marital home was in Ellisville, Missouri. According to the stipulation, father was awarded the marital home with a restriction on the sale of this marital home until after July 1, 1981. Father did not sell the marital home at that time but moved there and lived there for approximately one and one-half years. He then sold the marital home and moved to an apartment complex at 5660 Kingsbury, St. Louis, Missouri. Mother did not like this neighborhood.

■ Evidence favorable to father and the best interest of the child is as follows: At the time of the dissolution, father was living in Sullivan, Missouri, approximately one and one-half hours from his Kingsbury apartment. The changed location of the visits would facilitate a more natural father-daughter relationship allowing him to spend more quality time with his daughter. Daughter is now older, nine years of age. She can now better care for herself. She is old enough to question why her father is required to visit her while in the presence of her grandmother. There is more to do in St. Louis than in Sullivan. One of

daughter's complaints to mother upon returning from father's visit was lack of something to do.

The Kingsbury apartment was an adequate place for daughter to be. Father was living alone in this two bedroom, all type apartment, with a swimming pool in the complex. Father could have more time with his daughter. He took good care of daughter in a healthy atmosphere. Father was a good parent.

Mother would have little objection to father exercising his visitation rights in his home in St. Louis if it were at a different location. Father had a good relationship with daughter. Daughter needed more time with her father. Father was good to daughter and would never harm her. Mother just did not like the neighborhood. The neighborhood issue was found for father by the trial court.

Father presented evidence the removal of the restriction was in the best interest of the child. There was sufficient evidence father's life-style did not adversely affect his daughter.

Judgment affirmed.

DOWD, P.J., concurs.

CRANDALL, J., dissents in separate opinion.

CRANDALL, Judge, dissenting.

I dissent.

This is an action to modify a custody provision. We are therefore governed by § 452.410, RSMo (Supp.1984). *McCammon v. McCammon*, 680 S.W.2d 196, 200 (Mo.App.1984); *Leimer v. Leimer*, 670 S.W.2d 571, 572–73 (Mo.App.1984). Section 452.410, in pertinent part, provides:

The court shall not modify a prior custody decree unless it has jurisdiction under the provisions of section 452.450 and it finds, upon the basis of facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child or his custodian and that the modification is necessary to serve the best interests of the child.

In order to modify a child custody decree, the change of circumstances required by statute must be *significant*. *Dorris v. Dorris*, 623 S.W.2d 47, 48 (Mo.App.1981). In all cases the duty of the court is to serve the best interests of the child. *McCammon*, 680 S.W.2d at 202.

It should be noted that this is not a custody question arising out of a contested dissolution of marriage proceeding. The marriage of the parties has been dissolved. At the time of the dissolution the parties, by way of stipulation, told the trial court what custody provisions they believed would be in the best interests of their child. When the trial court approved the stipulation and granted the dissolution, there was an implicit adjudication of what was in the child's best interests at that time.

The record is devoid of any substantial change in circumstances which would justify a modification of the original custody provisions. The paramount question, however, is whether the modification would be in the child's best interests. There is nothing in the record that points to any benefit to the child. The modification is simply for the convenience of the father.

I therefore dissent.