Jan Annette (Sutton)
PULLIAM, Appellant,

v.

Wesley Earl SUTTON, Respondent.

No. WD 38314.

Missouri Court of Appeals,
Western District.

Feb. 17, 1987.

Motion for Rehearing and/or Transfer to
Supreme Court Denied March 31, 1987.

Application to Transfer Denied
May 19, 1987.

James D. Worthington, Lexington, for appellant.

J.D. Gorham, Richmond, for respondent.

Before CLARK, C.J., and TURNAGE and NUGENT, JJ.

CLARK, Chief Judge.

In this proceeding to modify the terms of a marriage dissolution decree regarding visitation between respondent father and his minor children, the court enlarged visitation rights to include temporary custody outside the mother's home. The appeal contends the modification order was improperly granted for several reasons, among which is the absence of evidence or a finding that the expanded visitation would further the best interests of the children. We agree and therefore reverse.

The decree dissolving the parties' marriage was entered April 19, 1984. The provision of the decree material here is the award of custody of the children, then aged six years and two years, to the mother with the restriction on the father's visitation to the first and third weekends of each month and then, only in the home of the wife. That limitation was imposed pursuant to a separation agreement entered into between the parties and adopted because of past conduct by respondent involving assaultive behavior.

In April, 1985, the husband filed motions seeking modification of the decree in various respects including the request that his visitation rights with the children be generally enlarged. The motion alleged that the modification would serve the best interests of the children. The motion was heard March 31, 1986. Testimony was presented by the parties and by the present spouses of each. Respondent also introduced, over appellant's objection, a written report by a psychologist who had examined respon-

dent. The report is not a part of the record on appeal and respondent has stipulated that the report was erroneously admitted.

The trial court sustained respondent's motion to increase his visitation ordering that visitation be had "at all reasonable times and places" and minimally, no less frequently than alternate weekends. The parties assume, as do we, that the order apparently abrogated the prior restriction that visitation occur only in appellant's home. Conspicuously absent from the order is any finding that the change in visitation would advance the best interests of the children or that continuation of the existing restrictions would not be in the children's best interests.

The authority of the court to modify visitation rights is limited to circumstances in which the modification would serve the best interests of the children. Section 452.400.2, RSMo. 1986. The same principles govern the determination of a proceeding to modify visitation as control disposition of a motion to change custody. *Leimer v. Leimer*, 670 S.W.2d 571, 573 (Mo.App.1984). In order to modify a custody decree, the court must find that: (1) facts arising since the prior decree have given rise to change in circumstances of the child or his custodian, and (2) modification is necessary to serve the best interests of the child. *Henderson v. Henderson*, 622 S.W.2d 7, 9 (Mo.App.1981). The movant seeking the change has the burden of showing that the children's best interests are not served under the existing decree. The personal rights of the parties are of only secondary importance. *Cissell v. Cissell*, 573 S.W.2d 722, 724 (Mo.App.1978). Change in the circumstances of the noncustodial parent do not constitute evidence supporting any need for modification. *In Re Marriage of Scobee*, 667 S.W.2d 467, 469 (Mo.App.1984).

Respondent's evidence supporting his motion was directed almost exclusively to complaints that on a number of occasions when he attempted to exercise his visitation rights at appellant's residence, he would find that appellant was not at home

and had left a note saying when she would return. Respondent also expressed his dissatisfaction with the visitation restrictions which did not afford him any private communications with the children. There was no evidence that any circumstances of the children or of appellant had changed since the date of the decree or that the limitations on respondent's visitation had operated to the disadvantage of the children. Understandably, in the absence of any supporting proof, the trial court made no finding of a change in circumstances of the children or of appellant or that modification of respondent's visitation rights were necessary to serve the best interests of the children.

■ The evidence did show respondent had committed two assaults on appellant before the marriage was dissolved and that he had entered a plea of guilty to a criminal charge arising from one of the incidents. The property settlement agreement, which recommended limited visitation, referred to respondent's "actions in the past" and his agreement under the circumstances to limited visitation. Appellant attempted during the motion hearing to adduce evidence concerning respondent's violent disposition, his excessive consumption of alcohol and his psychological problems manifested prior to the entry of the dissolution decree, but the trial judge ruled such evidence to be irrelevant. That rejection of proof material to evaluate respondent's emotional stability and its possible effect on the well-being of the children was plainly erroneous. *Keith v. Keith,* 708 S.W.2d 350, 353 (Mo.App.1986).

■ We are mindful that in matters pertaining to visitation rights, the appellate court should give deference to the trial court's assessment of what serves the best interests of the children and that the judgment should be reversed only if it lacks substantial evidence to support it or is against the weight of the evidence or erroneously declares or applies the law. *L.L.T. v. P.A.T.,* 585 S.W.2d 157, 160 (Mo.App. 1979). Here, in the absence of evidence or a finding that the best interests of the children would be served by giving respon-

dent unrestricted visitation, the judgment lacks support by the evidence, it is erroneous as a matter of law and must be reversed.

The judgment modifying respondent's visitation rights is reversed and the visitation restrictions imposed by the original decree are ordered reinstated.

All concur.

## ON MOTION FOR REHEARING

### PER CURIAM.

The holding in this case that a change in the visitation rights of a non-custodial parent must, in like manner to a change in custody, be supported by evidence of a change in circumstances of the child or his custodian, is challenged by respondent on motion for rehearing. He asserts a different rule prevails in the Eastern District of this court, citing *Blankenship v. Blankenship,* 699 S.W.2d 44 (Mo.App.1985), and perhaps in the Southern District, an inference drawn from *Keith v. Keith,* 708 S.W.2d 350 (Mo.App.1986). If there be such a divergence in views among the districts, which is not at all certain, this court adheres to the view expressed in the principal opinion under the analysis which follows.

The earliest case that research has disclosed dealing with the issue of what proof is necessary to modify child visitation provisions for the non-custodial parent is *Phipps v. Phipps,* 168 Mo.App. 697, 154 S.W. 825 (1913). The appeal was from an order which changed non-specific visitation rights to allow temporary custody on Saturdays. The custodial parent contended the modification was erroneously ordered because no evidence had proved a change in circumstances from those existing when the decree was entered. The opinion concluded that the modification was supported by proof showing a sufficient change in the mother's "situation and character" to justify the order. The language used implies that some change in the situation which existed when the decree was make is a prerequisite to a modification of visitation.

Some of the earlier cases appear to treat orders modifying child custody and orders changing visitation schedules as being of the same category but with a somewhat lesser degree of proof required where only visitation is at issue. Thus, in *Poor v. Poor*, 237 Mo.App. 744, 167 S.W.2d 471 (1942), the trial court changed the custody of two children, leaving one with the mother but giving custody of the other to the father, and also providing as to each child that the non-custodial parent would have weekend and vacation visitation. The opinion held:

"It is our conclusion that * * * there is not sufficient change in the conditions of the parties * * * to warrant the court changing the original decree, except as to the rights of visitation."

*Poor, supra,* at 478.

The next series of cases demonstrates a tendency in the opinions to use the term "custody" in discussing visitation, particularly where the non-custodial parent is to have the child weekends or for vacation periods. Each of the following cases, however, adheres to the proposition that changes in visitation from arrangements provided in the original decree may be ordered only upon proof of change circumstances. *Pope v. Pope*, 267 S.W.2d 340 (Mo.App.1954); *Lewis v. Lewis*, 301 S.W.2d 861 (Mo.App.1957); *Hughes v. Wagner*, 303 S.W.2d 181 (Mo.App.1957). Representative of this group of cases is *Pope* in which the father appealed a modification order giving the mother custody of the child from 9:00 a.m. to 1:00 p.m. on Sundays. The court states: "Upon the record presented plaintiff failed to show any change of condition affecting the child's best interest and welfare warranting the modification which was made." *Pope, supra* at 342.

An opinion form this court in *Mitchell v. Mitchell*, 350 S.W.2d 116 (Mo.App.1961), noted the difference in requirements for proof of changes in circumstances justifying a modification of custody and a modification of visitation. It was there said:

"It must be kept in mind that the order appealed from does not change the general custody of the child. The original

decree was only modified with respect to visitation privileges. This court announced in the case of *Phipps v. Phipps*, 168 Mo.App. 697, 154 S.W.2d 825, that where the order merely relates to visitation privileges only slight changes in the conditions arising since the original decree was entered will justify the order." (emphasis in original)

*Mitchell, supra* at 118.

Turning to more recent opinions, *McCammon v. McCammon*, 680 S.W.2d 196 (Mo.App.1984), was an appeal from an order which modified the father's visitation rights and allowed the children to be with him during vacations and at other specified periods. To some extent, the case was similar to the subject case in that in *McCammon*, the father alleged that the mother had denied his visitation. In *McCammon*, however, the father also alleged changed circumstances resulting from his remarriage and establishment of a suitable home environment. The court affirmed the order stating that there was proof of a change of condition of the children sufficient to justify modification.

In *Wolff v. Wolff*, 628 S.W.2d 923, 924 (Mo.App.1982), the decree was modified in several respects, including a change in visitation which allowed the minor son to travel by airplane from Florida to the father's home in Missouri for visits. The court affirmed the order citing the rule that modification requires a showing of changed circumstances so substantial and continuing as to make the terms unreasonable. Several cases rule, as did *In re Marriage of Hays*, 594 S.W.2d 369, 370 (Mo.App. 1980), that a change ordered in visitation was supported by "sufficient evidence."

The two cases upon which respondent's motion primarily relies, *Blankenship* and *Keith*, do contain language from which it could be argued that a change in circumstances is not a prerequisite to an order changing visitation. That proposition, however, is only an inference and not a direct holding in either case. *Blankenship, supra* at 45, recites evidence in the case which justifies the modification. That evidence showed changed circumstances. The

opinion in *Keith* does say that the conditions of § 452.410, RSMo.1986 need not be met to allow the non-custodial parent overnight visitation, but the same opinion, *Keith, supra* at 354, affirms the trial court's decision to deny enlarged visitation on the ground that a substantial or continuing change of circumstances had not been proved.

No case has been found in which it has been held that a change in visitation may be ordered modifying a dissolution decree without some proof of changed circumstances. All of the cases indicate that visitation orders must be constructed to further the best interests of the children. It therefore follows that a party affected by a dissolution decree in respect to visitation in the non-custodial parent must, as a condition to securing a modification order, show that circumstances since the decree have changed and that revised visitation as sought will be in the best interests of the children. Neither was proved in this case and the order therefore lacks evidentiary support.