**Sharon M. TURLEY, Respondent,**

v.

**Dave B. TURLEY, Appellant.**

**No. 81495.**

Supreme Court of Missouri,
En Banc.

Nov. 9, 1999.

Rehearing Denied Dec. 7, 1999.

20. *See* Section 135.100(13), RSMo Supp.    1992.

Christina R. Neff, Mark A. Richardson, Jefferson City, for Appellant.

Edward C. Clausen, James W. Gallaher, Jr., Jefferson City, for Respondent.

JOHN C. HOLSTEIN, Judge.

The Cole County circuit court modified the visitation rights of David B. Turley. Mr. Turley appeals from that modification. This Court ordered the case transferred to this Court; therefore, jurisdiction is proper pursuant to *Mo. Const. art. V, sec. 10.*

On August 24, 1995, the circuit court of Cole County entered its order dissolving the marriage of Mr. Turley and Sharon M. Turley. The court gave Mr. Turley and Ms. Turley joint legal custody of their two children, ages seven and five at that time, with primary physical custody to Ms. Turley and visitation rights to Mr. Turley. Prior to their separation, both Mr. Turley and Ms. Turley lived in Jefferson City. However, by the time of the separation agreement, Mr. Turley was living on the family farm located approximately 168 miles from Jefferson City and Ms. Turley continued to reside in Jefferson City. The separation agreement gave Mr. Turley visitation rights every other weekend and other longer visitation periods. On the weekends that Mr. Turley has custody of the children, he is allowed to pick up the children between 6:30 and 7 p.m. on Friday and must have the children available for pick-up by Ms. Turley at 4 p.m. on Sunday.

On March 6, 1997, Ms. Turley filed a motion to modify Mr. Turley's visitation rights. Ms. Turley requested that the court limit Mr. Turley's visitation with the children to one weekend per month and that each visit be limited to Jefferson City. Ms. Turley also sought to reduce Mr. Turley's summer visitation with the children. To support her argument that Mr. Turley's visitation should be reduced and restricted to Jefferson City, Ms. Turley argued that the children's activities were hampered by being out of town every other weekend and that driving after dark in the winter months put the children at risk. At the hearing on the motion to modify, Ms. Turley testified that because of the "constant transport down to the farm" the children were "not able to participate in anything on the weekends" and, thus, the children's week was exhausting. However, Ms. Turley admitted that Mr. Turley accommodated their son's involvement in basketball by allowing him to play on Saturdays that Mr. Turley had custody of the children. There was no evidence of specific activities in which the children were not allowed to participate.

Ms. Turley also testified that when she picked up the children in Fremont, Missouri, at 4 p.m. on Sundays of the weekends that Mr. Turley had custody of the children, she would not arrive home in Jefferson City until approximately 7:30 p.m. She further testified that on a few occasions during the summer Mr. Turley was late making the children available for pick-up. Ms. Turley asserted that during the winter months Mr. Turley would refuse to make the children available for pick-up earlier than 4 p.m. despite inclement weather, thus endangering the children. However, Ms. Turley also admitted that she did not make arrangements for Mr. Turley to pick up the children at an earlier time on Friday evenings during inclement weather. Ms. Turley also made several accusations of poor care and neglect by Mr. Turley that Mr. Turley refuted.

Mr. Turley testified that if he were compelled to visit the children in Jefferson City, he would have to stay in a motel or with friends. Mr. Turley also testified that he has accommodated every request for weekend activities, including sleepovers and a birthday party. Mr. Turley could only recall one occasion where the children were being transported when the roads were unsafe.

After the hearing, the circuit court entered its judgment in which it made a

specific finding that "there has been a change in the circumstances of the parties so substantial and continuing as to make the terms of the original Judgment and Decree of Dissolution of Marriage with respect to the terms of visitation of the minor children unreasonable." The court then found that "[d]uring the months of December, January and February, given the activities the children may participate in, both in school and extracurricular, and the shorter lengths of daylight hours, [Mr. Turley] shall conduct his visitation with the minor children in Jefferson City." The court left the original decree unchanged in all other respects. Mr. Turley filed his notice of appeal of that judgment. Ms. Turley then moved for her attorney's fees and costs on appeal. The court granted her motion and ordered Mr. Turley to pay fifteen hundred dollars in costs and attorney's fees. Mr. Turley appeals both the modification of his visitation rights and the award of attorney's fees.

■ The judgment modifying the visitation rights of Mr. Turley will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence or it erroneously applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). Section 452.400.2, RSMo 1994,[1] establishes the criterion for modifying visitation rights:

> The court may modify an order granting or denying visitation rights whenever modification would serve the best interests of the child, but the court shall not restrict a parent's visitation rights unless it finds that the visitation would endanger the child's physical health or impair his emotional development.

■ Mr. Turley argues that the trial court erred in modifying his visitation rights because there was insufficient evidence to show any change in circumstances from the time of the original decree. Mr. Turley relies on an appellate court case from the western district that imported the requirements from sec. 452.410.1 into sec. 452.400.2. *See Pulliam v. Sutton*, 728 S.W.2d 252, 253 (Mo.App.1987). However, sec. 452.400.2 plainly states that a court may modify visitation rights "whenever modification would serve the best interests of the child." The more rigorous standard in sec. 452.410.1 applies when a court is asked to modify the custody of a child. For example, in the present case, Mr. Turley and Ms. Turley have joint legal custody and Ms. Turley has primary physical custody. Neither party asked the court to modify that agreement; therefore, sec. 452.410.1 does not apply. The western district has itself pulled back from the analysis of *Pulliam*. In a more recent case, the western district acknowledged that a trial court is free to modify visitation rights after considering only the best interests of the child and "the trial court need not find a 'substantial change of circumstances.'" *Warren v. Warren*, 909 S.W.2d 752, 755 (Mo.App.1995). *Pulliam* is overruled. As the statute permits, a court may modify an order granting or denying visitation rights whenever modification would serve the best interests of the child.

Mr. Turley next argues that the trial court erred in restricting his visitation rights without also making a finding that the children's physical health was endangered or their emotional development was impaired by the previous visitation arrangements. Ms. Turley argues that Mr. Turley's visitation rights have not been restricted under sec. 452.400.2 because his time with the children has not been reduced. The districts of the court of appeals have disagreed on the definition of restriction within the meaning of sec. 452.400.2. Some cases have required an "entire restriction" of visitation rights before the trial court must make a specific finding that the previous visitation agreement would endanger the child's physical health or impair his emotional development. *See Winters v. Winters*, 617 S.W.2d

1. All statutory references are to RSMo 1994.

585, 591 (Mo.App.1981). Other cases have simply required a new restriction that was not present in the original agreement. *See K.S.H. v. D.J.H.*, 891 S.W.2d 144, 149 (Mo. App.1995).

The term "entire restriction" does not appear in the text of sec. 452.400.2 and is, at least, confusing. The cases in which the term is found seem to be limited to those where a modified visitation order reduced or eliminated visitation periods but where there remained substantial opportunities for unrestricted visitation by the non-custodial parent. *See Winters v. Winters*, 617 S.W.2d 585 (Mo.App.1981); *In re Marriage of Amos*, 843 S.W.2d 946 (Mo.App. 1992); and *Strueby v. Strueby*, 876 S.W.2d 642 (Mo.App.1994). To the extent those cases relied on the notion that only an "entire restriction" requires specific findings under sec. 452.400.2, they are over-ruled.[2]

■ When the meaning of a statute is in question and the legislature has not provided a definition, the words and phrases are given their plain or ordinary meaning. *Sec. 1.090; Jones v. Director of Revenue*, 981 S.W.2d 571, 574 (Mo. banc 1998). The meaning of the word "restrict" in sec. 452.400.2 should be given its plain or ordinary meaning. The ordinary definition of restrict is "to set bounds or limits to" or "to check, bound, or decrease the range, scope or incidence of." *Webster's Third New International Dictionary* 1937 (1981). A common synonym for restrict is "limit." *Id.* Every visitation agreement confines and limits the visitation of each parent within certain bounds. The requirements of sec. 452.400.2, however, are limited to instances when the court is modifying an existing order. A modification of visitation does not itself rise to a restriction or limitation. For sec. 452.400.2 to apply, the modification must restrict or limit one par-

ty's visitation rights compared to their visitation rights under the original agreement.

Examples of "restrictions" found in cases from other jurisdictions with nearly identical statutory provisions [3] include preventing a parent from having overnight visitation, restricting all visits to the custodial parent's home or outside of the non-custodial parent's home, and requiring a third party be present to supervise visitation periods. *See Amos*, 843 S.W.2d at 952 (citing *In re Marriage of Tisckos*, 161 Ill. App.3d 302, 514 N.E.2d 523, 112 Ill.Dec. 860 (1987)).

■ The order modifying visitation in the present case imposes just such a restriction. After the trial court's modification, Mr. Turley cannot take the children to his home during the months of December, January and February. The court's order goes even further by not allowing Mr. Turley to take the children outside of the city limits and by not allowing Mr. Turley any time with the children at his home during the holidays. Under the original visitation agreement, Mr. Turley was allowed to take the children to his home at any time during their visit with him. The court unquestionably placed new restrictions on Mr. Turley's previous visitation rights. Under sec. 452.400.2, the court must therefore find that the original visitation would endanger the children's physical health or impair their emotional development.

Mr. Turley also argues that the trial court erred in ordering him to pay fifteen hundred dollars for Ms. Turley's attorney's fees and costs on appeal. Ms. Turley argues that this issue is not properly preserved for appeal. The trial court issued its "Order and Judgment of Modification" on February 10, 1998. Mr. Turley filed his

---

**2.** Because the present case does not involve the shortening or elimination of a visitation period, this Court does not address the question of whether such modifications are a restriction within the meaning of sec. 452.400.2.

**3.** Section 452.400.2 is based on the Uniform Marriage and Divorce Act. *Amos*, 843 S.W.2d at 952.

notice of appeal on March 12, 1998, specifying that he was appealing the February 1998 judgment. Ms. Turley then filed her motion for fees and costs on April 8, 1998. The docket sheet shows that on April 16, 1998, the circuit court ordered Mr. Turley to pay fifteen hundred dollars to Ms. Turley for her costs and fees incurred pursuing the appeal. Mr. Turley made no attempt to appeal that order or to include that order in the present appeal. This Court is without jurisdiction to decide this issue. *See Schumann v. Schumann,* 830 S.W.2d 562, 563 (Mo.App.1992), and *Sutton v. Schwartz,* 808 S.W.2d 15, 23 (Mo.App. 1991).

Because the court erroneously applied the law, the judgment modifying the visitation rights of Mr. Turley is reversed. The cause is remanded to the circuit court for proceedings consistent with this opinion.

All concur.