**Thomas E. STIRLING, Appellant,**

v.

**Jeanine S. MAXWELL, Respondent.**

**No. WD 58412.**

Missouri Court of Appeals,
Western District.

May 29, 2001.

Thomas Earl Stirling, Pleasant Hill, Pro Se.

Lynn Ballew, Harrisonville, for Respondent.

PAUL M. SPINDEN, Chief Judge.

Thomas Stirling appeals the circuit court's judgment to deny his motion to modify the parties' dissolution decree. The original decree, issued on December 15, 1995, awarded legal and physical custody of the couple's three children to Jeanine Maxwell. The circuit court granted to Stirling weekly, supervised visitation and telephone contact with his children. In 1997, Stirling asked the circuit court to modify the judgment's provisions concerning visitation and child support.

After several appearances by the parties and an evidentiary hearing on January 13, 2000, the circuit court concluded that Stirling "fully and completely failed to establish that there has been any substantial or continuing change in circumstances necessitating a modification." Stirling argues in four points on appeal that the circuit court erred by refusing to modify the visitation provision and by ordering him to pay guardian *ad litem* fees and court costs.

In matters pertaining to visitation rights, we defer to the circuit court's assessment of the children's best interests. *McDaniel v. McDaniel,* 982 S.W.2d 729, 731 (Mo.App.1998). We will affirm the judgment unless it is not supported by substantial evidence, is against the weight of the evidence, or the circuit court misstates or misapplies the law. *Rios v. Rios,* 935 S.W.2d 49, 51 (Mo.App.1996).

Since the divorce judgment, Stirling has sought to absolve himself of the allegations of neglect, which resulted in the circuit court's order of supervised visitation. The record characterizes his efforts as a "quest," "fixation," and "preoccupation," even by his own witnesses. The circuit court repeatedly explained to Stirling that his mission to "set the record straight" hindered him from his ultimate goal of unsupervised visitation with the children.[1] While the motion to modify was pending, Maxwell complicated the issue of arranging appropriate supervised visitation by moving to Rolla.

Although we recognize the difficulty that the circuit court faced in this contentious case, we conclude that it applied the wrong standard in determining whether the circumstances warranted modifying visitation. The judgment twice rejected the notion that the conditions of custody and visitation had substantially changed. In announcing the disposition of the motion, the circuit court stated, "The law says in order for you to change from supervised visitation to unsupervised visitation[,] you have to prove to me that there has been a continuing and substantial change in cir-

---

1. Once a judgment determines and conclusively settles material facts at issue in a former action, those issues may not be relitigated between the same parties, regardless of the form the issues may take in a subsequent action. *Doran v. Doran,* 26 S.W.3d 865, 867, (Mo.App.2000). Continuing to argue the merits of the divorce decree entered in 1995 will not alter its outcome. As Stirling has been advised by the circuit court and his own witnesses, his continued attempts to defend himself against past allegations are the primary factor contributing to the necessity that visitation be supervised in a therapeutic setting.

cumstances since the time I entered the order. You haven't done that."

The standard to which the circuit court refers, a substantial change in circumstances of the child or custodian, stems from judicial interpretation of § 452.410.1.[2] *See In re McIntire,* 33 S.W.3d 565, 568–69 (Mo.App.2000).[3] Such change is a prerequisite for the ultimate question of whether a change in custody is in the child's best interests. Section 452.410.1. This statute applies only when a party seeks modification of child custody. A different statute, § 452.400.2, establishes the less rigorous standard for modifying an order to grant or to deny visitation rights. *Turley v. Turley,* 5 S.W.3d 162, 164 (Mo. banc 1999).

Stirling's original motion was labeled "MOTION FOR MODIFICATION OF JUDGMENT ... AS TO CHILD SUPPORT AND VISITATION." The circuit court stated at the hearing that the proceedings' purpose was to determine whether visitation should be changed. The circuit court, therefore, should have applied the standard in § 452.400.2.

This statute, in effect, overrules the judicial interpretation of § 452.410.1 as applied to § 452.400.2 by eliminating the requirement that a party seeking modification must prove any change in circumstances. *Turley,* 5 S.W.3d at 164. Under § 452.400.2, the circuit court is free to modify a visitation provision after considering only the children's best interests. *Id.* The judgment and the circuit court's remarks indicate that it applied the wrong standard in weighing the evidence by searching for changed circum-

stances. We, therefore, reverse the judgment. The circuit court's refusal to make visitation unsupervised may well have promoted the children's best interests. Applying the wrong standard, however, is reversible error. We cannot, while declaring that the circuit court applied the wrong standard, infer what its judgment would have been if the correct standard were employed. We remand the matter to the circuit court with instructions that it apply the appropriate standard to the pleadings and evidence.

▇▇▇ Stirling also appeals the circuit court's order that he pay the fees of the guardian *ad litem* and court costs. Section 452.423.4 permits the circuit court to order that the parties pay the guardian fees. We will reverse a circuit court's award of fees only when we discern that the award is an abuse of discretion. *Stevens v. Stevens,* 977 S.W.2d 305, 310 (Mo. App.1998). A circuit court may consider the circumstances surrounding the appointment of a guardian *ad litem* in determining payment of fees. *Id.*

Stirling bases his argument on the guardian's recommendations and conduct while the motion was pending, not on the amount of fees or his ability to pay. The guardian *ad litem* accounted for the time that he spent on the matter. The proceedings on the motion to modify spanned three years, and the circuit court described the motion as having "absolutely no merit." Stirling does not show that the circuit court abused its discretion. *See Suffian v. Usher,* 19 S.W.3d 130 (Mo. banc 2000).

---

**2.** Unless otherwise stated, all statutory citations refer to the 2000 revised statutes.

**3.** In *McIntire,* this court abrogated the standard for change in custody espoused in *Haus-Gillespie v. Gillespie,* 998 S.W.2d 842 (Mo. App.1999). To modify child *custody,* the circuit court must find a substantial or signifi-

cant, but not necessarily continuing, change in circumstances. To modify child *support,* as indicated in § 452.370.1, the circuit court must find a "substantial and continuing change in circumstances." *McIntire,* 33 S.W.3d at 568–69.

Section 452.355.1 permits a circuit court to charge a party for the costs of maintaining an action under § 452.400. The circuit court must consider all relevant factors, including the financial resources of both parties, the merits of the case, and the actions of the parties during the proceeding. Section 452.355.1.

Stirling does not cite any authority to support his argument. His claim merely disputes the merits of the underlying divorce decree and the circuit court's conduct of the proceedings. This does not establish an abuse of discretion by the circuit court in ordering him to pay guardian *ad litem* fees or court costs. We deny his point concerning guardian *ad litem* fees and court costs.

For these reasons, we affirm the judgment in part, and reverse and remand it in part.

ROBERT G. ULRICH, Judge, and RONALD R. HOLLIGER, Judge, concur.