**Donna F. MINTON, Appellant,**

v.

**William H. MINTON, Respondent.**

**No. 33014.**

Missouri Court of Appeals, Western District.

Sept. 14, 1982.

William E. Erdrich, St. Joseph, for appellant.

Robert B. Randolph, St. Joseph, for respondent.

Before CLARK, P.J., and MANFORD and KENNEDY, JJ.

CLARK, Presiding Judge.

The wife in this dissolution of marriage case appeals from the order which modified the original decree by transferring custody of a child to the father and ordering the wife to pay child support. Affirmed as modified.

In the dissolution decree entered August 10, 1977, the wife was awarded custody of the child, then age 11, and child support of $143.00 a month. Some three years later, the wife moved the court for an increase in support payments. The husband countered by seeking custody himself and an allowance for support. The motions were consolidated and, after hearing, the court directed the change in custody to the husband and ordered the wife to pay $70.00 every two weeks as child support.

In her first point, the wife contends the failure of the trial court to dismiss the husband's motion for lack of compliance with Local Rule 68.1.2 of the Fifth Judicial Circuit requires reversal of the judgment. The rule in question reads as follows:

### 68.1.2 Custody Disputes

"In all actions involving custody of children a Motion for Custody Investigation and Appointment of Guardian ad Litem shall be filed when a dispute as to custody arises between the parents. The motion shall be accompanied by an Order, leaving blank the agency to conduct the investigation and the Guardian ad Litem to be appointed to represent the children."

The wife contends the above rule constitutes a jurisdictional element of custody orders and failure to appoint a guardian deprived the minor child of essential representation and precluded the court from hearing the motions until compliance with the rule was judicially enforced.

The facts indicated in the record on appeal are that the wife's motion to modify was filed July 30, 1980. For reasons not disclosed, the motion lay dormant until May 13, 1981 when the husband filed his motion for change of custody. The hearing on both motions was August 5, 1981. The wife's motion to dismiss for failure of the husband to seek appointment of a guardian in compliance with Local Rule 68.1.2 was filed the previous day, August 4, 1981. The court overruled the motion on the ground it was not timely filed.

■ Despite the contention by the wife that Local Rule 68.1.2 is jurisdictional in nature, she cites no authority for that proposition. No statute mandates the appointment of a guardian ad litem where custody of children is contested in a dissolution case and no reported decision has imposed such a requirement.[1] Moreover, Local Rule 68.1.2 in the Fifth Judicial Circuit places no particular onus on the movant as the party obligated to seek appointment of the guardian. If the wife were of the opinion in this case that appointment of a guardian ad litem was essential, she was fully entitled to file the application. Moreover, the absence of any indication in the local rule as to which party should prepare and file the motion requires the conclusion that the rule imposes the burden equally. Having acquiesced in the scheduling of a hearing on the merits of the custody issue without advance compliance with the rule, the wife is not thereafter entitled to complain of error induced by conduct in which she joined. *Benjamin v. Benjamin,* 370 S.W.2d 639, 643 (Mo.App.1963).

■ We finally observe that the ruling by the court denying the motion to dismiss on the ground it was untimely is supported by Rule 44.01(d). A written motion and notice of hearing on the motion is required

1. Where paternity of a child is in issue, a guardian is to be appointed. S——— v. S———, 595 S.W.2d 357 (Mo.App.1980). That rule, however, is for the benefit of the child who is otherwise not bound by the decision. *In re Marriage of B,* 619 S.W.2d 91, 93 (Mo.App. 1981).

to be filed not later than five days before the time specified for hearing. Ample time was available here to comply with the rule and counsel offered no explanation of any circumstances justifying a departure.

In her second point, the wife argues that the order transferring custody is in error because insufficient evidence supports a finding of changed conditions making the previous order unreasonable. The evidence centered mainly on the scholastic record of the child in the seventh, eighth and ninth school grades from the years 1979 to 1981. That record demonstrated a steady decline from average to above average marks at the start of the period to a record predominating in failures during the two years preceding the hearing. The trial court found a persistent underutilization of the child's ability and an accumulation of poor habits and undesirable traits upon evidence of a permissive attitude by the wife and a lack of supervision. The court concluded that the child's best interests would be advanced by placing his custody with the husband where more strict discipline would be imposed.

■ The finding of the trial court on fact issues must be sustained unless unsupported by substantial evidence or contrary to the weight of the evidence and in this evaluation, the appellate court must give due deference to the opportunity of the trial judge to observe the parties, assess the credibility of their testimony, and weigh the intangibles of sincerity and character. *Galeener v. Black,* 606 S.W.2d 245, 247 (Mo. App.1980); *Korn v. Korn,* 584 S.W.2d 179, 182 (Mo.App.1979). While the evidence on the subject was contested here, as in most such cases, the significant deterioration in the child's behavior and performance over a period of years was unmistakable. The contest was over the issues of responsibility for the situation and the best remedial action to be taken. In the judgment of the trial court, the prospects for improvement were enhanced by the transfer of custody. In that decision, we can entertain no firm conclusion that the trial court was wrong.

■ Finally, the wife complains that the evidence did not warrant the allowance of child support she was ordered to pay. That evidence showed the wife's current income to be $957.00 a month. Her expenses, after eliminating the cost of support attributable to the child, were $875.00 per month. Quite apparently, the allowance of $70.00 every two weeks which the wife was ordered to pay to the husband would require elimination by the wife of some expenditures for her own personal care and well being. On the other hand, the husband's income was significantly greater amounting to a gross income in 1980 of $1850.00 a month supplemented by $238.00 a month in net income from rental property.

■ Although primary responsibility for child support rests with the father, the mother may also be called upon to provide support. *Mueller v. Jones,* 583 S.W.2d 222, 224 (Mo.App.1979). Among the relevant factors to be considered are the financial resources of the custodial parent and the resources and needs of the non-custodial parent. Section 452.340, RSMo 1978.

Utilizing our authority under Rule 84.14 to enter the judgment the trial court should have given, we conclude the child support award of $70.00 biweekly was excessive, that an award of $70.00 monthly is appropriate and we modify the judgment accordingly.

The judgment of the trial court transferring custody of Robert Shea Minton from appellant wife to respondent husband is affirmed as are the provisions of the judgment setting visitation rights in appellant and fixing mutual responsibility for payment of attorney fees and costs. The judgment ordering appellant wife to pay respondent husband child support is modified to reduce the amount thereof to $70.00 payable on the tenth day of each month commencing with the month of August 1981.