**Enid Ruth JOHNSON, Appellant,**

v.

**John Melvin KILOH, Respondent.**

**No. WD 36860.**

Missouri Court of Appeals,
Western District.

Feb. 4, 1986.

Patrick Beeman (Norton, Pollard & Norton, of counsel), Kansas City, for appellant.

John R. Shank (Gunn, Hall & Stahl, of counsel), Gladstone, for respondent.

Before SOMERVILLE, P.J., and PRITCHARD and BERREY, JJ.

PRITCHARD, Judge.

This case represents one of the interminable and traumatic disputes over which party is entitled to custody of children born of a marriage, after the marriage is dissolved.

The marriage here was dissolved by decree on March 12, 1982, in Clay County, Missouri, in which the custody of a son, now almost eleven years of age, was awarded to appellant. The trial court thereafter granted leave to appellant to remove the child from Missouri to Texas, where she and her new husband would be living. In that order, respondent was granted certain visitation rights.

In September, 1984, appellant filed in the District Court of Callahan County, Texas, an "Original Suit Affecting the Parent-Child Relationship—Motion to Modify and Specify Non-Texas Visitation Order". In the case respondent filed an answer setting forth a general denial.

On November 28, 1984, respondent filed in the Clay County, Missouri, Circuit Court a motion to modify requesting that the care, custody and control of the child be transferred to him, alleging, among other things, that appellant denied him his court ordered visitation rights. On December 26, 1984, respondent filed an Emergency Temporary Motion to Modify, alleging that there had been a substantial change of conditions such that he feared for the health, well-being and emotional stability of the child should he be returned to Texas. On that same date, the trial court ordered that custody of the child be immediately and temporarily transferred to respondent until a full hearing could be had on the motion to modify.

On January 15, 1985, appellant made a Special Entry of Appearance in which she challenged the court's jurisdiction to enter the December 26, 1984 order. A like special entry was filed to respondent's second motion for temporary transfer of custody filed on January 17, 1985.

On January 25, 1985, the court sustained appellant's motion to set aside the December 26, 1984, temporary order; overruled appellant's motion to dismiss respondent's motion for temporary transfer of custody and sustained it with provisions for appellant's visitation rights. The hearing on the permanent motion was continued until February 15, 1985, but the final hearing was had on June 5, 1985. It was ordered that the custody be transferred to respondent, with certain visitation rights to appellant. The sole issue is whether the trial court had jurisdiction over the matter under the Uniform Child Custody Jurisdiction Act, § 452.450, RSMo 1978.

Under § 452.450.1, Missouri must be the "home state" of the child in order to assume jurisdiction of the child custody proceedings. Section 452.445(4) defines "home state" as being "the state in which, immediately preceding the filing of custody proceeding, the child lived with his parents, a parent, an institution; or a person acting as parent, for at least six consecutive months; * * *." Appellant contends that Texas, not Missouri, meets this definition because the child has resided in Texas with her since June 15, 1982.

Appellant's contention fails because § 452.450.1(2) must also be considered in

determining jurisdiction over the child custody proceedings. This section provides that a Missouri court can assume jurisdiction if "It is in the best interest of the child that a court of this state assume jurisdiction because: (a) The child and his parents, or the child and at least one litigant, have a significant connection with this state; and (b) There is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships."

Section 452.450.1(2), and its New Jersey UCCJA counterpart, were applied in the case of *In Re B.R.F.*, 669 S.W.2d 240 (Mo. App.1984), where it was held at page 247(6) that New Jersey, by reason of the child having lived there for 6 years, had significant contacts with that jurisdiction, hence the holding that habeas corpus, at the instance of the grandmother, did lie, and the father of the child was not entitled to Missouri proceedings for child custody, the converse of the facts of this case as below set forth. See also *Timmings v. Timmings*, 628 S.W.2d 724, 727 (Mo.App.1982), holding that Missouri lacked jurisdiction because the child had been gone from Missouri for 6 years and those who had a greater opportunity to observe the child could be found in Iowa (friends, neighbors, teachers). Note also the adoption case, *Matter of T.C.M.*, 651 S.W.2d 525, 529 (Mo.App. 1983), holding that the Missouri court correctly exercised jurisdiction under § 452.-450.1(2), and North Carolina did not have jurisdiction because the children had not lived there for over two years and were not likely to return there, although the natural mother lived there. In *Lustig v. Lustig*, 99 Mich.App. 716, 299 N.W.2d 375 (1980), it was held, comparable to the facts here, where the father resided in Michigan, where the child was visiting him at the time of the proceedings, a Michigan psychiatrist had made a report about his observations of the child whose brother and paternal grandparents resided in Michigan, and the child expressed a preference to stay in Michigan, that the trial court was authorized to take jurisdiction for child custody modification, on the ground that the child and his father had significant connection with Michigan, there being substantial evidence available in Michigan concerning the child's present or future care, even though California was its home state for 7 years, its mother, maternal grandparents, medical and school records, and involvement in special educational programs were located there. See also *Joseph E.H. v. Jane E.H.*, 283 Pa.Super. 109, 423 A.2d 739 (1980); and *Hofer v. Agner*, 373 So.2d 48 (Fla.App. 1979), both involving the same jurisdictional issue.

■ In this case these factors show that the trial court was correct in assuming jurisdiction of the modification of custody proceedings in that they show both respondent and the child have significant connection with Missouri: Respondent has lived his entire life in Missouri; the child's paternal grandparents and his step-sister, appellant's daughter, reside in Missouri; the child resided in this state for the first seven or so years of his life, and has spent summer vacations in this state since 1982, and has been here since December 28, 1984; and these factors also indicate that there is available in Missouri substantial evidence concerning the child's present and future care, protection, training and personal relationships. Bearing upon the latter matters is the report to the trial court of Dr. Ronald D. McNish, a clinical psychologist, and his deposition, concerning his evaluation of the parents and the child from interviews conducted from January 31, 1985, through February 7, 1985. In two interviews, the child was unswerving in his preference to be with his father (a factor in the Lustig case, supra). The child has significant psychological or emotional distress, which is related to the conflicts between the parents, which in Dr. McNish's opinion was directly related to his relationship with the mother. It was Dr. McNish's recommendation that the child live with his father. Dr. George R. Chance, a psychologist, also examined the child and found him to be quite stressed, most anxious, depressed and sad, and the child expressed a desire to him to remain with the father. Dr. Rod Cannedy,

a Texas psychologist, had seen the child on a fairly regular basis since April 1984, and he found him to be suffering from over anxious disorder of childhood. During interviews, the child was equivocal as to his preference of which parent he wished to reside.

The trial court here stated into the record that he had communicated with the Texas District Court (as authorized by § 452.465.3.), and it was decided that the best route to follow would be for the Clay County Circuit Court to proceed.

■ There is yet another ground for sustaining the trial court's assumption of jurisdiction. Section 452.465.1 prohibits a court of this state from exercising its jurisdiction if at the time of filing of the petition a proceeding concerning the custody of the child was pending in another state exercising jurisdiction substantially in conformity with §§ 452.440 to 452.550, unless those proceedings are stayed. Texas adopted the UCCJA in 1983 by V.T.C.A. Family Code, §§ 11.51 to 11.75 [UCCJA (U.L.A.)—Table of Jurisdictions wherein Act was adopted]. The suit filed by appellant in Texas was under § 11.05 of its Family Code, and thus does not fall within the Texas UCCJA, so that state was not exercising jurisdiction in conformity with the Missouri UCCJA, and that suit is therefore not a bar to the Clay County Court's assumption of jurisdiction.

The trial court did not err in assuming jurisdiction of the custody proceedings in the best interests of the child. Section 452.450.1(2), supra.

The judgment is affirmed.

All concur.