Joanne C. WILMESHERR,
Plaintiff-Appellant,

v.

Steve D. WILMESHERR,
Defendant-Respondent.

No. 50670.

Missouri Court of Appeals,
Eastern District,
Division Three.

April 29, 1986.

Richard B. Dempsey, Union, for plaintiff-appellant.

Gael Davis Wood, Washington, for defendant-respondent.

KAROHL, Presiding Judge.

Mother appeals 1985 modification of 1979 dissolution decree. The original decree granted custody to mother in accord with separation agreement of the parties. The modification decree transfers custody from mother to father of the parties' son who was, at the time of the hearing, 7½ years old. Mother was granted reasonable visitation and liberal temporary custody as detailed in the modification decree. The trial court ordered mother to pay to father child support in the amount of $150.00 per month.

Mother appeals. She claims that there was insufficient evidence of a significant change in circumstances justifying transfer of custody so that the best interests of the minor child would be served by modification and transfer. She also contends that the evidence failed to support an award of child support in favor of father. We review under *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). *Adams v. Kerr*, 655 S.W.2d 49, 52 (Mo.App.1983).

We find the evidence supported modification and transfer of custody to the father. The test for such modification is whether changes have occurred in circumstances of the child and custodial parent, and whether modification was necessary to serve the child's best interest. *In re Marriage of Scobee*, 667 S.W.2d 467, 470 (Mo. App.1984). The burden to establish substantial change of condition which necessarily requires change of custody to serve the best interest of the child is upon the non-custodial parent. *Weinbaum v. Weinbaum*, 679 S.W.2d 384, 388 (Mo.App.1984). The factors to be considered by the trial court are as set forth in § 452.375 RSMo Cum.Supp.1984. Other factors to be considered are the increased age of the child, the deteriorated nature of the relationship with the custodial parent, and performance at school while living with his custodial parent. *Minton v. Minton*, 639 S.W.2d 640, 643 (Mo.App.1982). It is also proper for the trial court to consider the morals and mode of life of the parties. *H____ v. H____*, 637 S.W.2d 432, 434 (Mo.App. 1982).

As grounds for modification, father alleged that he had remarried and was prepared to provide a stable, moral and loving

environment for the child; that since the dissolution mother had voluntarily relinquished physical custody on several occasions, and had expressed an inability to cope with the minor child. He also alleged that the emotional and moral atmosphere and physical surroundings of wife's residence were detrimental to the child because she was living with a man not her husband and failed to provide an adequate physical environment.

After father filed the motion to modify, mother remarried and filed a cross-motion requesting additional child support which was rendered moot by the transfer of custody.

■ The evidence which supports a finding of change in circumstance and transfer of custody follows. The child had grown from age 1½ at the time of the dissolution decree to age 7½ at the time of the modification hearing. *Minton*, 639 S.W.2d at 643. Mother had resided with a male friend in the home. *H _____*, 637 S.W.2d at 434. Father's present wife has a child of similar age, is a full time homemaker and mother, whereas appellant mother is employed full time outside of the home. Under these circumstances, father's home will permit a more active and continuing relationship. The use of an outside babysitter will be unnecessary. As the trial court found, "Custody in the father presents the better option for the welfare of the child." § 452.375(6) RSMo Cum. Supp.1984. The child has experienced emotional problems while in mother's custody which have been manifested by incontinency requiring the care of a physician. The testimony from both parties indicated the mother at times was frustrated with the child due to this problem. The child also had learning problems and was in a special education kindergarten. This evidence supported the court's finding,

> The mother's interests and parenting skills are not as tuned to the boy's well being as those of the father.... [child] suffers from insecurity, and it can best be overcome in a family setting in which a sibling and grandmother are a part.

[New wife's mother also lives with the family].

It is not each factor individually that supports the change of custody but a combination of all the factors. It is always the best interest of the child that is paramount in a custody proceeding. The trial court is in a better position to judge the credibility of witnesses, their sincerity, character and other trial intangibles that are not revealed in trial court record. *E _____ (S _____) v. E _____*, 507 S.W.2d 681, 684 (Mo.App. 1974). The evidence as outlined justified a finding of change in circumstance and a modification and transfer of custody.

■ The order of child support upon mother and in favor of the father is supported by the record. The income and expense and financial statements of the parties were before the court at the modification hearing. Her gross income for 1984 was $18,941 and father's gross income $12,480. The remaining financial statements demonstrate no abuse of discretion in the award of child support. *Overstreet v. Overstreet*, 693 S.W.2d 242, 245 (Mo.App. 1985). Father requested child support and the economic circumstances of the parties justified the award under the relevant factors noted in § 452.340 RSMo 1978. Further, under the original decree father was ordered to pay the mother the sum of $150.00 per month as and for child support. Mother's expense statement notes that she had been paying $397.00 monthly on behalf of her son, including $160.00 per month for babysitting services. She received $150.00 per month child support. The child support award will result in a savings of $100.00 per month to mother. This overcomes her claim that the amount is excessive. Although the award is unusual, it is both justified and supported by the evidence.

We affirm.

SIMON and GARY M. GAERTNER, JJ., concur.