**Elizabeth Sue YATES, Appellant,**

v.

**William H. YATES, Respondent.**

**No. 52793.**

Missouri Court of Appeals,
Eastern District,
Division Five.

Aug. 23, 1988.

Sandra Ann Mears, Jefferson City, for appellant.

Lawrence Joseph Robertson, Chesterfield, for respondent.

CARL R. GAERTNER, Judge.

This is an appeal from an order modifying a prior Decree of Dissolution of the marriage of Elizabeth Yates, petitioner, and William Yates, respondent. For reasons discussed below, we affirm.

The original decree awarded primary care, custody, and control of the couple's minor child, John Yates, born August 25, 1977, to petitioner. Respondent was granted "reasonable" rights of visitation and temporary custody, and was ordered to pay $200.00 per month for child support.

On June 20, 1985, respondent filed a motion to modify the custody award with the court, seeking transfer of custody of John from petitioner to himself. Petitioner filed a counter motion to modify the award. A hearing was held on December 12, 1986. The matter was continued until January 7, 1987, to permit the testimony of John Yates. The court then issued its order of modification transferring custody to respondent, and granting petitioner rights of visitation and temporary custody. Petitioner appeals the order.

Our standard of review in this case is governed by *Murphy v. Carron*, 536 S.W. 2d 30, 32 (Mo. banc 1976). Therefore, we will not disturb the trial court's order unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law.

■ Petitioner's basis for appeal is that there is no substantial evidence to support the trial court's order or its finding that it was in the child's best interests to order the transfer of custody. However, review of the trial transcript and other evidence indicates that there was substantial evidence.

Section 452.410 RSMo.1986 is the relevant statute regarding the proper considerations in cases of custody modification. It provides that facts must be shown indicating that since the prior decree a change has occurred with respect to the child or custodian, and that the modification is necessary to serve the child's best interests. A brief summary of the testimony of various witnesses indicates both that there is a change of circumstances and that it was in the child's best interests to order a transfer.

Both petitioner and respondent testified. Respondent testified that petitioner had been uncooperative in permitting respondent to see John or talk to John on the telephone. Petitioner confirmed that on various occasions she had refused to make adjustments to the agreed-upon visitation schedule, and that in disciplining John she would sometimes not permit John to accept his father's phone calls. Two psychologists also testified, both stating that John was an intelligent child, but was frustrated by his living arrangement and had expressed a desire to live with his father. John himself also testified that he preferred to live with his father. John also stated that petitioner would listen to his telephone conversations with respondent, despite John's request not to do so.

Regarding the living arrangements of the parties, respondent testified that since

the divorce he has remarried, and now lives with his wife and 13 year-old stepson near Pacific, Missouri. He has received promotions in his employment, requiring less travel than formerly. Respondent stated that his gross income is approximately $36,600 annually, and that his wife would cease her employment at a bank in the event custody were transferred. Petitioner testified that she is a student at Southeast Missouri State University, and is employed there to perform research. She lives with John in a townhouse in Cape Girardeau, Missouri, and has a net income of approximately $400 per month, plus student loan funds of approximately $3,200 per semester and $200 per month in child support.

Based upon the evidence viewed as a whole, there is a sufficient change of circumstances to support the transfer. Significant is the testimony of the two psychologists and of John, indicating John's frustration and desire to be a part of his father's family. These frustrations have been aggravated by petitioner's actions, intentional or unintentional, in preventing contact between respondent and John.

■ We are cognizant of the well-settled rules regarding custody transfers, that the custodian is presumed to be capable and suitable unless the party seeking a transfer establishes a change of circumstances warranting a transfer. *In Re Marriage of Thompson*, 682 S.W.2d 849, 850 (Mo.App. 1984). Moreover, the change of circumstances must be of a nature that the child will substantially benefit from the transfer. *Id.* at 851. However, it is also important to defer to the trial judge who had the opportunity to evaluate the credibility, sincerity, and character of the various witnesses. Likewise of proper consideration are the wishes of the affected parties, including the child, the interaction and interrelationship of the child with parents and siblings, the child's adjustment to home, school and community, the mental and physical health of all involved parties, and the needs of the child for a continuing relationship with the parents. § 452.375.2 RSMo.1986; *Wilmesherr v. Wilmesherr*, 708 S.W.2d 823,

824 (Mo.App.1986). The court may also consider the deteriorated nature of the relationship between the child and the custodial parent. *Wilmesherr*, 708 S.W.2d at 824; *McBride v. McBride*, 579 S.W.2d 388, 390 (Mo.App.1979).

 While respondent's ability to provide John with a stable, comfortable home is not a changed circumstance of the child or custodial parent as provided for in § 452.410 RSMo.1986, it is a significant factor in determining how John's interests may best be met. *In Re Marriage of Scobee*, 667 S.W.2d 467, 469 (Mo.App.1984).

The evidence, viewed as a whole, supports the trial court's order, and we affirm.

PUDLOWSKI, C.J., and SIMEONE, Senior Judge, concur.