

**L.R.M., Petitioner–Appellant,**

**v.**

**P.R.M., Respondent–Respondent.**

**No. 56130.**

Missouri Court of Appeals,
Eastern District,
Northern Division.

Nov. 7, 1989.

James Edward Terry, Wilson, Smith & Seymour, St. Louis, for petitioner-appellant.

Mary L. Rhodes, Clayton & Stine, Hannibal, for respondent-respondent.

CRANDALL, Judge.

Petitioner, L.R.M. (mother), appeals from that portion of the decree of dissolution of her marriage to respondent, P.R.M. (father), which awarded father primary custody of the parties' two minor children; namely, N.R.M. (daughter), born December 1981, and A.J.M. (son), born September 1984. On appeal, mother raises several claims of error. In essence, all of her points challenge the child custody award as being against the weight and sufficiency of the evidence. We affirm.

We first note that the court must determine custody in accordance with the ultimate and sole test of the best interests of the child. Section 452.375.2, RSMo (Supp. 1988). The trial court has considerable discretion in awarding custody, and its judgment should not be disturbed unless the best interests of the child so demand. *D.K.L. v. L.C.L.*, 764 S.W.2d 664, 666 (Mo. App.1988). Reversal of the custody award is justified only if we have the firm conviction that the judgment was wrong, that the decree had no substantial evidence to support it, that it was against the weight of the evidence, or that it erroneously declared or applied the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). In the present case, there are no findings of

**112**

fact or conclusions of law. We therefore assume that all fact issues were found in accordance with the result reached. Rule 73.01(a)(2).

There is substantial evidence in the record that mother engaged in extramarital affairs. She falsely accused father of sexually abusing their two children. She prompted the children with regard to the specific acts the children claimed father committed against them. She deliberately attempted to prejudice the minds of the children against father. She constantly interfered with father's visitation rights. There is also evidence that, throughout the marriage, father helped care for the children and the house. He was employed full-time; but his family intended to help him with the children, if necessary. The foregoing evidence, if believed by the fact finder, supports an award of primary custody of the children to father.

In addition, we stress that mother's appeal turns on questions of fact, not questions of law. It is not within the purview of this appellate court to retry the case on its merits. Obviously, the trial court believed the testimony in favor of father and rejected the testimony in favor of mother. As the trier of fact, it is the function, indeed the duty, of the trial court to decide the weight and value to be given to the testimony of any witness. On appeal, we view the evidence in a manner favorable to the decree and disregard all contradictory evidence. *Ware v. Ware*, 647 S.W.2d 582, 584 (Mo.App.1983). We defer to the trial court even if the evidence could support a different conclusion. *Id.*

The judgment is affirmed.

SIMON, C.J., and HAMILTON, J., concur.