**Steven Moak KING, Respondent,**

v.

**Engel Elizabeth KING, Appellant.**

**No. WD 42475.**

Missouri Court of Appeals,
Western District.

July 24, 1990.

Kelso Journey, Clinton, for appellant.

George R. Lilleston, Clinton, for respondent.

Before NUGENT, C.J., FENNER, J., and WASSERSTROM, Senior Judge.

FENNER, Judge.

Appellant, Engel King, appeals the denial of her Motion for Modification of Custody Order.

The parties, Engel and respondent Steven King, were married December 16, 1978. Two children were born of the marriage, Erin Elizabeth King, born January 10, 1980, and Spencer Steven Hugh King, born March 28, 1983. The marriage was dissolved May 23, 1985.

The Order dissolving the marriage incorporated the Separation Agreement of the parties, granted custody of the children to Engel and visitation to Steven. Due to Engel's problem with alcohol abuse, the Separation Agreement and the dissolution judgment directed that custody would be subject to supervision of the Division of Family Services (DFS) for a period of two years following the decree, with directions that DFS provide reports to the court and to the attorneys in the event that neglect or abuse of the children was found by DFS.

On October 1, 1986, visitation provisions of the May 23, 1985, dissolution order were modified. The Order of Modification cited problems with visitation which were brought to the court's attention by Court Reports from DFS.

Steven filed a Motion to Modify and Transfer Custody on December 4, 1986, alleging a substantial and continuing change of circumstances, to wit: that Engel was believed to be addicted to alcohol and while under the influence of alcohol, becomes subject to fits of uncontrollable rage and violence and is believed to commit acts of violence toward said children, especially Spencer King. The next day, December 5, 1986, the Juvenile Officer filed a neglect petition as to the children and on that same date temporary orders were entered making the children wards of the court, with custody in DFS, which in turn, placed the children with Steven.

On August 13, 1987, a hearing was held on Steven's Motion to Modify. A decree modifying the former custody orders was entered October 7, 1987, granting Steven custody. The decree specifically provided

that it was subject to review upon motion after six months.

On March 22, 1988, Engel filed a combined Motion for Review and Motion for Modification of Custody Order wherein she alleged that she had accomplished a complete recovery and total abstinence from the use of alcohol. Engel alleged that the best interests of the children would be served by having custody transferred to her.

A hearing was conducted on September 1, 1988. The case apparently remained under submission until September 5, 1989.

On September 5, 1989, Engel filed a Motion to Reopen the September 1, 1988, hearing on her motion to modify. In the motion, Engel sought to have additional evidence considered by the court which she claimed affected the welfare of the children. On that same day, the hearing court ordered the juvenile department's supervision of the children's custody terminated and the juvenile files closed. The court found no change of circumstances since the September 29, 1987, Decree of Modification, of sufficient magnitude to make that temporary order unreasonable such that modification of that prior order would be warranted.

Engel thereafter, on September 12, 1989, filed a combined Motion to Set Aside and Amend the September 5, 1989, Judgment, for an Additional Hearing or, in the alternative, a Motion for New Trial. The motions were overruled on September 15, 1989, and Engel appealed.

Engel presents three points on appeal. The first two are interrelated and will be taken up together. In her first two points, Engel alleges error in the trial court's judgment of September 5, 1989, in its refusal to set aside said judgment and in its refusal to grant a new trial. She argues that the judgment denying transfer of custody to her was against the weight of the evidence and was not in the best interests of the children.

■ It is noted that a final order or judgment in a court tried case will be upheld if it is based on substantial evidence, it is not against the weight of the evidence, and is not based on any erroneous declaration or application of law. *In Re Marriage of West*, 689 S.W.2d 814, 815 (Mo.App. 1985), citing *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). This court exercises great caution in setting aside a judgment in such cases on the ground that it is against the weight of the evidence, and only then with a firm belief that the judgment below was wrong, realizing that the trial court is in a much better position than is this court to judge the credibility of the witnesses and to determine the weight to be given to their testimony. *Id.* Thus, this court gives to the prevailing party the benefit of all favorable evidence and reasonable inferences to be drawn therefrom, disregarding all evidence to the contrary. *Id.* Additionally, the trial court is given deference even if the evidence could support a different conclusion. *L.R.M. v. P.R.M.*, 780 S.W.2d 111, 112 (Mo.App.1989).

■ In order to modify child custody provisions of a dissolution decree, the trial court must find, "upon the basis of facts that have arisen since the prior decree ... that a change has occurred in the circumstances of the *child or his custodian* and that the modification is necessary to serve the best interests of the child." § 452.410, RSMo 1986. (emphasis added). The burden to establish substantial change of condition requiring change of custody to serve the best interest of the child is upon the noncustodial parent. *Wilmesherr v. Wilmesherr*, 708 S.W.2d 823, 824 (Mo.App. 1986). Further, the change of conditions or circumstances must be of a nature that the child will substantially benefit from the transfer. *Yates v. Yates*, 755 S.W.2d 744, 746 (Mo.App.1988). Proper considerations pursuant to § 452.375.2, RSMo 1986, are the wishes of the affected parties, including the child, the interaction and interrelationship of the child with parents and siblings, the child's adjustment to home, school and community, the mental and physical health of all involved parties, and the needs of the child for a continuing relationship with the parents. *Id.* (citations omitted).

■ The majority of Engel's supportive argument focuses on her successful recovery from alcohol addiction and her superior performance, as indicated by the evidence, in her employment. The evidence does, in fact, bear out these quite commendable facts. The evidence also indicates that Engel loves her children and is capable now of providing for them. However, the standard for modification as set forth by § 452.410, RSMo 1986, does not refer to changes which have occurred in the circumstances of the noncustodial parent. Rather, quite clearly, the statute is directed to changes which have taken place in "the circumstances of the child or his custodian."

The children currently live with Steven and his wife, Sherry, on a farm outside of Clinton, Missouri. Also residing on the farm is Steven's stepdaughter, Jennifer, and his daughter, Stacy, from his marriage to Sherry. At the time of the hearing, Steven was acting superintendent employed by Peabody Coal mine which provided ample funds to support his family. Steven loves his daughter, Erin and his son, Spencer and wishes to have them in his custody. There was some evidence that having Erin and Spencer in his custody caused some stress between Steven and Sherry for which they both sought counseling, not an unusual phenomenon in an already stressful situation.

The children's school reports show satisfactory effort. Also, the record shows that the children enjoy being with both their mother and father.

Basically, what the record reveals herein is a situation where the evidence is not clearly favorable to either party and under such circumstances the case is one for exercise of the trial court's discretion to which this court gives deference. *McDowell v. McDowell*, 670 S.W.2d 518, 521 (Mo. App.1984).

There is no evidence to suggest that the trial court abused its discretion in refusing to transfer custody to Engel or that the refusal was other than in the best interests of the children. Points one and two are denied.

■ In her final point, Engel argues that the trial court erred by failing to order the appointment of a guardian ad litem. She maintains that such appointment was required because the evidence and pleadings clearly showed that the children had been abused while in Steven's custody.

Steven counters that there was no error because Engel did not allege abuse after the effective date of § 452.423, RSMo Cumm. Supp.1989, because a guardian ad litem was not requested, and because Engel's Motion for Review and modification of Custody did not allege abuse.

The relevant statutory provision is § 452.423, RSMo Cumm. Supp.1989, which is as follows:

> The court *shall* appoint a guardian ad litem in any proceeding in which child abuse or neglect is alleged. (Emphasis added).

Initially, it is pointed out for purposes of clarification, that Steven's first two arguments are not well taken. First, the fact that Engel did not allege abuse following the effective date of § 452.423, is not relevant. This is because the case of *C.J.(S).R. v. G.D.S.*, 701 S.W.2d 165 (Mo.App.1985), which led to the adoption of § 452.423, mandated appointment of a guardian ad litem in cases where abuse or neglect had been alleged. Therefore, authority did exist at all times relevant to this case for appointment of a guardian ad litem, had abuse properly been alleged. Second, the fact that a guardian ad litem was not requested is likewise irrelevant, because, at all times relevant to this appeal, appointment of a guardian ad litem was mandatory where abuse or neglect was alleged and the fact that the appointment was not requested did not then, nor does it now, make any difference under these circumstances.

The record before this court does not contain any allegation of abuse or neglect, with the exception of the discussion in the briefs. Nor does the evidence presented support a finding or present an issue as to whether the children were abused within the contemplation of the statute. Rather, the argument appears as an afterthought

and, under the facts of this case, is unfounded and lacks merit. Point three is denied.

In view of the foregoing the judgment of the trial court is affirmed.

All concur.