**Beatriz CLEVELAND, Respondent,**

v.

**HIGH COUNTRY FASHIONS, INC., Appellant.**

**No. WD 45166.**

Missouri Court of Appeals, Western District.

June 2, 1992.

Michael S. Shipley, Hale, Kincaid, Waters & Allen, P.C., for appellant.

Beatriz Cleveland, pro se.

Before SHANGLER, P.J., and KENNEDY and SMART, JJ.

SMART, Judge.

High Country Fashions, Inc., appeals from an associate circuit court decision in favor of respondent, Beatriz Cleveland, on both her claim for refund of deposit and appellant's counterclaim for breach of contract. High Country argues that the trial court erroneously declared or applied the law in this case.

Judgment reversed in part and affirmed in part.

Ms. Cleveland signed a purchase order to acquire inventory, supplies and training for a women's apparel store. The total purchase price was $18,900.00. Ms. Cleveland made a down payment of $2,829.15 for the purchase, in accordance with the provisions of the purchase order (which required a deposit of at least $2,800).

The language of the purchase order clearly stated that it constituted a contract upon acceptance by High Country. It also stated unambiguously that the deposit was non-refundable under any circumstances. The agreement further provided that when Ms. Cleveland paid the $16,070.85 balance of the purchase price, High Country Fashions would send her inventory and fixtures and provide training and assistance to her in setting up her retail store for business.

Approximately five months after sending her deposit, Ms. Cleveland wrote to High Country explaining she had encountered difficulty in obtaining a loan and had decided she could not afford to purchase the clothing store. She requested that her down payment be refunded to her. High Country denied her request and reminded her that her deposit was non-refundable. A year later Ms. Cleveland brought suit in the associate circuit court against High Country to recover her deposit. High Country brought a counter-claim for $5,734.85 for damages it claims to have suffered due to Ms. Cleveland's breach of contract in failing to pay the balance of the purchase price. The case was tried to the court without a jury. Ms. Cleveland prevailed on her claim for a refund and successfully defeated High Country's counterclaim for damages. There were no findings of fact and conclusions of law. High Country appeals.

This court will affirm the trial court's decision in a court tried case unless the record indicates that there is not substantial and competent evidence to support the judge's findings, the decision is clearly contrary to the weight of the evidence, or the trial court erroneously declared or applied the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). The evidence, and any legitimate inferences from such evidence, must be viewed in the light most favorable to the trial court's decision. *King v. King*, 793 S.W.2d 200, 202 (Mo. App.1990). All evidence contrary to the decision will be disregarded. *Id.* This court may not substitute its judgment for that of the trial court's resolution of conflicts in evidence. *Id.* Regardless of whether the evidence could support a different conclusion, the trial court should be given deference. *Id.*

High Country's sole point on appeal is that the trial court erred in finding for Ms. Cleveland on her claim for a refund, and by denying its counterclaim for damages. Although there were no findings of fact and conclusions of law on either claim, it can be assumed, construing together the rulings on the two claims, that the trial court found no contract had been entered into by the parties.

The creation of a contract requires an unequivocal offer and acceptance between the contracting parties, supported by valid consideration. *Around the World Importing, Inc. v. Mercantile*, 795 S.W.2d 85, 90 (Mo.App.1990). In the case at bar, Ms. Cleveland contacted High Country Fashions to express interest in opening a clothing store. High Country sent Ms. Cleveland information about its services, which included a purchase order form. Ms. Cleveland returned the completed purchase order along with the required deposit of $2,829.15. This act constituted Ms. Cleveland's offer. *Brown v. Hercules, Inc.*, 770 S.W.2d 416, 419 (Mo.App.1989); *Gilbert & Bennett Mfg. Co. v. Westinghouse Electric Corp.*, 445 F.Supp. 537, 545 (D.Mass.1977). High Country signed the purchase order several days later and returned a signed copy to Ms. Cleveland. Consideration was provided by both parties to support the contract. Ms. Cleveland's consideration was represented by the deposit of $2,829.15, which she sent in with her purchase order. High Country's consideration consisted of a conditional promise (conditional upon payment of the balance) to assist in setting up Ms. Cleveland's clothing store and to provide her with fixtures, beginning inventory, training, and supplies. Although many of the terms of the contract were vague, this court holds that the parties entered into a contract.

In order to interpret the operation of the contract, the court must examine its terms. The purchase order includes the following pertinent portions:

PLEASE ENTER MY(OUR) ORDER FOR $18,900 STORE INDICATED BELOW:

LADIES APPAREL STORE [X]

Please accept herewith my(our) cashier's check, certified check, bank draft or money order (no personal checks) in the amount of $2,800.00 as the first payment for the above. The balance due when initial inventory is purchased.

\*     \*     \*     \*     \*     \*

High Country Fashions, Inc. guarantees to ship the merchandise and fixtures, prepaid after the request of customer after initial inventory is chosen and receipt of payment of any balance due hereon. The balance due is to be paid in certified funds at the time of initial inventory selection.

This Order is NOT subject to cancellation. If less than full payment of total amount (purchase price) is made herewith; and if Purchaser subsequently fails to pay balance due, then the amount paid with this Purchaser (sic) Order will be retained by High Country Fashions, Inc., and credited to damages sustained.

This Purchase Order shall become a contract, binding upon the respective parties upon the placement of their signatures hereon, with final approval and acceptance resting with High Country Fashions, Inc. Should High Country Fashions, Inc. be unable to approve same within ten (10) days after its receipt hereof, then the Purchaser shall be notified immediately and the amount paid herewith shall be promptly refunded.

This court makes the following observations in interpreting this contract.

1. The payment of the "first payment" serves no practical purpose for the purchaser other than to lock in the ultimate contract price. Any further performance by High Country Fashions, Inc. is dependent on further payment by Cleveland of the balance.

2. Upon payment of the balance, High Country is required to ship the initial inventory and certain fixtures and supplies, and to provide training in High Country's "training center."

3. No deadline is given for payment of the balance of the purchase price—the con-

tract simply provides that the balance is to be paid prior to the selection of inventory.

4. The contract does not specify any penalty for failure to pay the balance of the purchase price, other than that the initial deposit "will be retained by High Country Fashions, Inc., and credited to damages sustained."

5. The "initial payment" is non-refundable.

The ordinary purchaser sending a deposit would hardly understand that he is obligating himself to pay the entire purchase price and subjecting himself to liability for High Country's lost profits if he fails to proceed further with the project. The language indicating that upon failure to pay the balance of the purchase price, the deposit will be retained by High Country and "credited to damages sustained," sounds a great deal as though the parties intend for the initial deposit to serve as a form of liquidated damages. The "obligation" of the purchaser to pay the remaining balance is not clearly and unambiguously set forth. Further, the correspondence between the parties and the testimony of both parties at trial reveals that both parties viewed the contract as one in the nature of an option contract. For instance, when High Country responded to Ms. Cleveland's request for a refund, it advised her the deposit was non-refundable, but in no way threatened an action for breach of contract. Also, at trial, High Country still maintained that it stood ready to perform upon payment of the remaining balance. By paying the "initial payment," Ms. Cleveland thus obtained the right to require the performance of obligations by High Country upon the payment of the balance of the specified sum. On the other hand, failure to select inventory and pay the balance could not amount to a compensable breach of the contract. *See Restatement (Second) of Contracts* § 87 (1989).

For the foregoing reasons, Ms. Cleveland had no contractual obligation to send the balance of the purchase price, but simply an option to obtain the services in question upon her payment of the balance of the price. The consideration for that option, however, was the non-refundable initial payment. The trial court correctly found that Ms. Cleveland had not breached the contract. However, the trial court ruled that Ms. Cleveland was entitled to a refund of her initial deposit, and this court finds that ruling to be erroneous as a matter of law, for the reasons set forth above.

The judgment for Ms. Cleveland on her claim against High Country is reversed, and judgment is hereby entered for High Country on the claim of Ms. Cleveland. The judgment for Ms. Cleveland on High Country's counterclaim is affirmed.

All concur.