Cindy Lou McCLAIN, Respondent,

v.

Jeffrey CHAFFEE, Appellant.

No. WD 49311.

Missouri Court of Appeals,
Western District.

March 21, 1995.

John L. Pursley, Butler, for respondent.

Rod Powell, Black, Goldman & Powell, P.C., Des Moines, Iowa, for appellant.

Before SPINDEN, P.J., LOWENSTEIN and ELLIS, JJ.

LOWENSTEIN, Judge.

Jeffrey Chaffee (Husband) appeals a child custody and support modification award, claiming that the final order of the trial court was in error because it did not have jurisdiction under Missouri's enactment of the Uniform Child Custody Jurisdiction Act (UCCJA) to decide issues of child custody and support. § 452.450 RSMo 1994. Husband alternatively claimed even if the court had proper jurisdiction, there was no sufficient evidence of a change of circumstances justifying the custody change.

Husband and Cindy Lou McClain (Wife) were married in New York. They have one child, Jackie, age 10. The divorce was granted in 1990, in Texas. The divorce decree gave Husband custody of Jackie. Husband and Jackie moved from Texas to Missouri in August of 1991, to live with his mother. Husband invited Wife to also move to his mother's residence in Missouri so that she could be closer to Jackie. Although residing together for a brief time, Husband and Wife never lived in lawful marriage together in Missouri.

In February 1992, Wife moved to her own apartment and in March 1992, Husband and Jackie moved to Des Moines, Iowa. Husband and Jackie moved in with Husband's girlfriend, who he married in July, 1993. In June 1992, Husband brought Jackie back to Missouri so she could live with Wife. Jackie lived with Wife for the summer, from June until August 15, 1992. On August 15, 1992, Jackie returned to Des Moines to live with Husband. During this stay in Des Moines, there were periods of time when Jackie did not live with Husband, instead living with an Aunt.

In December 1992, Husband again brought Jackie back to Missouri to live with Wife so Jackie could attend school in Missouri. On March 23, 1993, Wife filed modification suit in Missouri, seeking custody of Jackie. Husband filed a motion to dismiss for lack of subject matter jurisdiction, and Wife filed a motion for temporary custody. Wife received temporary custody, and the motion to dismiss was denied on May 10, 1993. The trial on the issue of modification was held on March 2, 1994.

At trial, the court held that there had been a significant change of circumstances and ordered custody of Jackie be transferred to Wife.

## I.

Husband first contends the Missouri trial court lacked subject matter jurisdiction under the UCCJA to modify the child custody provisions of the divorce decree, because Iowa was Jackie's home state, and the state with the most significant connections.

Review of this point calls for the prevailing party to be given the benefit of favorable evidence and inferences drawn therefrom, disregarding evidence to the contrary. The trial court must be given deference as to any factual issue. *King v. King,* 793 S.W.2d 200 (Mo.App.1990).

In its order, the trial court held, under the UCCJA, neither Texas nor New York had jurisdiction over the parties or the child because there was no recent significant connection with either state. The trial court also held there was no home state of the child, but that it was in the best interest of the child that Missouri exercise jurisdiction because of the presence of the child and one litigant and the availability of substantial evidence concerning the present and future care, protection, training, and personal rela-

tionships. Husband contends the trial court was incorrect in ruling that Jackie had no home state, claiming her nine months of residence in Iowa made Iowa her home state. Further, he contends that the state which is not the home state should decline to exercise jurisdiction in favor of that state (Iowa).

To determine if a Missouri court has jurisdiction, this Court must look to § 452.450, RSMo 1994, Missouri's enactment of the UCCJA. Under the statute, there are four bases for the assertion of jurisdiction to determine child custody issues:

1. This state is the home state of the child or had been the home state within six months before commencement of this proceeding and a parent continues to live in this state; or

2. It is in the best interest of the child for this state to assume jurisdiction because one parent and the child have a significant connection with the state and there is substantial evidence concerning the child's care, protection, training, and relationships available in this state; **or**

3. The child is in the state and has been subjected to, or is threatened with abandonment, abuse or neglect; or

4. No other state would have jurisdiction under these criteria or another state has declined jurisdiction on the ground that this state is a more appropriate forum.

Husband's argument about home state determination is usurped by the clear language of the statute, where the bases of jurisdiction are stated in the disjunctive so that jurisdiction may be predicated on **any** of the four subsections. In addition, many cases hold two states may have concurrent jurisdiction under the UCCJA. See *Johnson v. Kiloh*, 704 S.W.2d 705 (Mo.App.1986); citing *Lustig v. Lustig*, 99 Mich.App. 716, 299 N.W.2d 375 (1980). Even if Iowa was determined the home state, that in itself, does not preclude Missouri from assuming jurisdiction over the matter.

■ In the case at bar, the trial court assumed jurisdiction under number two (2) of the UCCJA, usually called "significant connection" jurisdiction. Under number two, the court can find it to be in the child's best interest that custody be determined in this state; a finding of best interest is warranted if the child and at least one litigant have a significant connection with this state and there is available in this state substantial evidence concerning the child's present or future care, protection training, and personal relationships. *Edwards v. Edwards*, 709 S.W.2d 165 (Mo.App.1986); *Johnson v. Kiloh*, 704 S.W.2d at 708.

Husband claims substantial evidence regarding custody of Jackie exists in the state of Iowa, making it a more appropriate forum for an action to modify.

Evidence concerning the connections with each state is as follows: Wife is and has been a resident of Missouri since July of 1991. Husband was a resident of Missouri until March of 1992, when he moved to Iowa, where he still resides. Jackie lived for a period of nine months in Iowa, but had again been taken back to Wife to live in Missouri for the three and one-half months before this action was filed. Jackie still lives in Missouri with Wife.

Missouri was also the home of Jackie's grandmother, Beulah Green. Jackie had attended school in Missouri before moving to Iowa, and was attending school in Missouri after being sent back to live with Wife. She was also receiving dental and medical care in Missouri.

As for the Iowa connections, Jackie lived in Iowa with Husband for nine months in 1992. She attended school during that time, while living with Husband and his new Wife and a stepchild. Jackie has an aunt living in Iowa, who she would sometimes live with for brief periods of time.

The standard in the "significant connections" portions of the UCCJA is "the best interest **of the child.**" The best interest of the child refers to the choice of a forum (state), not to the choice of a custodial parent. Wife testified that Husband brought Jackie to live with her for an indefinite period of time in June 1992, and that Jackie continued to live with her until August 15, 1992. Furthermore, even after Husband took Jackie back to Iowa that August, he returned her to Missouri to live with Wife

that same December (1992). Jackie has remained in Missouri constantly since that time. In terms of total time spent in Missouri; Jackie lived in Missouri for 7 months before Husband initially moved to Iowa; for 3 months during a summer; and for another 3½ months directly preceding the filing of the modification action, and has remained in Missouri since.

Because of the constant shifting back and forth from Iowa to Missouri forced on Jackie by Husband, this court finds no reason for disagreeing with the trial court's determination that there was no home state **per se** for Jackie. Her nine months of residence in Iowa were before and after residence in Missouri, and most importantly, she had not lived in Iowa for 3½ months prior, or at the time of this modification action.

The best interests of the child were correctly protected by the assumption of jurisdiction by the trial court because the child was residing in this state with Wife, and there was more recent evidence connecting Jackie with Missouri than with Iowa.

Point denied.

## II.

Husband next contends there was not sufficient evidence of a change of circumstances justifying a change in the child custody order.

The standard for a child custody modification action is found in § 452.410, RSMo 1993:

A court shall not modify a prior custody decree unless it has jurisdiction ... and it finds, upon the basis of facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that **a change has occurred in the circumstances of the child or his custodian and that the modification is necessary to serve the *best interests of the child.***

(Emphasis added).

The burden of demonstrating this substantial change in circumstances lies with the non-custodial parent seeking modification. *Wilmesherr v. Wilmesherr,* 708 S.W.2d 823, 824 (Mo.App.1986). The change of circumstances, if shown, must also be of a nature that the child will substantially benefit from a transfer of custody. *Yates v. Yates,* 755 S.W.2d 744, 746 (Mo.App.1988).

Husband claims that the only changed circumstances which Wife proved, were her own, and are not relevant under the preceding statute. Husband does correctly state the law on this point. The non-custodial parent's changed circumstances are not to be considered by the court. *Pulliam v. Sutton,* 728 S.W.2d 252, 253 (Mo.App.1987). Changes in circumstances of the noncustodial parent do not constitute evidence supporting any need for modification. *Id.* However, her circumstances are relevant in determining the best interest of the child. *Yates v. Yates,* 755 S.W.2d 744 (Mo.App.1988). If Wife wanted to be awarded custody, it would be imperative she prove to the court that her circumstances and lifestyle would be in the best interest of the minor child. *Id. See* also § 452.410. So, Husband is correct in stating that information pertaining to Wife is irrelevant concerning proof of change in circumstances under the first part of § 452.410. However, he is not correct as to the relevancy of the information of Wife's lifestyle and suitability of her environment for a child, because such is relevant in determining what is in the child's best interests (the last requirement of § 452.410). *See* § *452.410; See* also *In re Marriage of Scobee,* 667 S.W.2d 467, 469 (Mo.App.1984).

The evidence at trial concerning the change in circumstances of Husband and Jackie was as follows: After the initial custody decree, Husband moved Jackie from New York, to Texas, to Missouri, and then Iowa. After paying for Wife to move to Missouri to be closer to Jackie, he removed her from school in Missouri and moved her to Iowa. Husband then returned Jackie to Missouri and allowed her to live with Wife for over two months. Then he again took her back to Iowa, where she moved back and forth between his residence and his Aunt's. Then, in December 1992, Husband again returned Jackie to Wife in Missouri to attend school. Now, he wants Jackie back in Iowa.

Husband correctly states that the move of custodial parent, in and of itself, to a location distant from the noncustodial parent is a change of circumstances; but such move does not, per se, establish that modification is needed. *Adams v. Adams,* 812 S.W.2d 951, 956 (Mo.App.1991). However, in this case, there is not one move but several, which have worked to "ping-pong" Jackie between Missouri and Iowa several times within a relatively short time period.

In addition, there must be a valuation of the evidence heard by the trial court when it determined the best interests of the child would best be served by granting custody to Wife. *Amedei v. Amedei,* 801 S.W.2d 491 (Mo.App.1990). The majority of Jackie's young life has been spent with Wife. Jackie has been under Husband's care for twenty-one months. At the time of trial, Jackie had been living with Wife and attending school for about fifteen months. Husband voluntarily brought Jackie to Missouri to live with Wife so that she could attend school in Missouri, although he made no attempt to move here. Finally, when asked her preference, Jackie said she preferred to remain with Wife.

Modification of a custody order is proper where the custodial parent allowed the child to stay with the noncustodial parent for an extended period of time, the child had become established in a new school and community, and the child desired to remain with the noncustodial parent. *Indermuehle v. Babbitt,* 771 S.W.2d 873 (Mo.App.1989); *Morrison v. Morrison,* 676 S.W.2d 279 (Mo.App. 1984). In the case at bar, this evidence tips in favor of Wife. Husband has simply dragged the child from state to state, so that she really has had no permanent place to call home. A home in Missouri, where she has been since the filing of this action, would provide Jackie some stability.

On review of this action, this court will set aside a decree only with a firm belief that the decree is wrong. *Murphy v. Carron,* 536 S.W.2d 30, 33 (Mo.1976). In a custody case, the determination of the trial court should be given greater deference than in other civil cases. *Hart v. Hart,* 766 S.W.2d 131 (Mo.App.1989). This is because the trial court was in a better position to judge the credibility, sincerity, and character of witnesses. *Wilhelmsen v. Peck,* 743 S.W.2d 88 (Mo.App.1987).

This court finds, in this case, sufficient evidence exists to support the decision of the trial court that the best interests of the child would be served by transferring custody of her to Wife.

Point denied.

Judgment affirmed.

All concur.